Tommy L. HUMBERT, Jr., Appellant
(Respondent Below),

v.

Kristy Lynn SMITH, Appellee
(Petitioner).

No. 18S04–9602–CV–153.

Supreme Court of Indiana.

May 3, 1996.

Dale E. Hunt, Muncie, for Appellant.

Pamela Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

An Indiana statute aimed at expediting admission of blood tests in paternity cases conflicts with the Indiana Rules of Evidence and thus would normally be void. We have decided to assent to the statute.

During a trial to establish the paternity of her child, Kristy Lynn Smith testified that Tommy L. Humbert, Jr. was the father. Humbert and Smith had one sexual encounter nine months before the child's birth. A court-ordered blood test established a 99.97 percent probability that Humbert is the biological father of the child. Smith had sexual relations with two other men close to the time of conception, but blood tests excluded both of them as possible fathers.

Humbert appealed on grounds of insufficient evidence, fraud, and erroneous admission of the blood test. The Court of Appeals affirmed. *Humbert v. Smith*, 655 N.E.2d 602 (Ind.Ct.App.1995).

Both parties petitioned for transfer, and we have granted the petitions. We summarily affirm the opinion of the Court of Appeals as to sufficiency of the evidence and fraud. Ind.Appellate Rule 11(B)(3). We proceed here to consider whether to declare void § 8(b) of the paternity statute, Ind.Code Ann. § 31–6–6.1–8(b) (West Supp.1995), to the extent that it conflicts with our rules of evidence, Ind.Evidence Rule 803(6).

At trial, Smith offered the results of the court-ordered blood test into evidence. Humbert objected on the ground that Smith failed to establish the proper foundation for admission as required under Evid.R. 803(6). The trial court overruled Humbert's objection, relying on provisions in Indiana's paternity statute which eliminate the necessity of establishing the customary evidentiary foun-

dation under certain circumstances. The statute says:

> (b) A party may object to the admissibility of genetic test results obtained under subsection (a) if the party files a written objection at least thirty (30) days before a scheduled hearing at which the test results may be offered as evidence. If a party does not file an objection under this subsection, the test results are admissible as evidence of paternity without the necessity of:
>
> (1) foundation testimony; or
>
> (2) other proof;
>
> regarding the accuracy of the test results.

Ind.Code Ann. § 31–6–6.1–8(b).

■ On appeal, Humbert argued that the trial court erred in admitting the test results because of the conflict between the paternity statute and Rule 803(6). The statute and the rule both address the admissibility of evidence and they create two different standards. In instances where such a conflict exists, the conflicting statute is nullified. *Harrison v. State*, 644 N.E.2d 1243, 1251 n. 14 (Ind.1995) (Supreme Court rules of evidence prevail over any statute).

The Court of Appeals noted that both the statute and the rule could not apply to a given situation and nullified the statute. Accordingly, it held that the trial court erred by admitting the results of the blood test without the proper foundation as required by Rule 803(6). The court determined the error was harmless, however, and affirmed the decree of paternity.

■ The Court of Appeals was correct in applying appropriate law to void the portion of the paternity statute that conflicts with Rule 803(6). Any other conclusion would have been inappropriate for an intermediate court of appeal. This Court is persuaded, however, that we should assent to provisions the General Assembly has placed in the paternity statute, treating them as an exception to the requirements of Rule 803(6). The General Assembly's provision is consistent with the special care Indiana's courts have taken toward the expeditious resolution of questions of paternity, custody, and support of children. We continue to find ways to place children's issues first.*

Parties with particularized grievances are not hindered in their ability to object to the admissibility of evidence. The paternity statute, Ind.Code Ann. § 31–6–6.1–8(b), gives a party thirty days prior to trial to file objections.

In paternity cases, therefore, evidence will be admissible under § 8(b). The lack of proper foundation will not render paternity results inadmissible unless an early objection is lodged.

We affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

---

* For example, we have "directed the Supreme Court Administrator's Office to bring every case involving the care of children to the top of the stack." Chief Justice Randall T. Shepard, *State of the Judiciary: The Challenge of a Challenged Profession*, Res Gestae, Feb. 1996, at 30, 35.

The Indiana Court of Appeals has also committed itself to reduce the delay of appeals in cases dealing with children. "While the time during which an appeal pends is of critical importance to all parties in all cases, it is most critical to parties and children in child-related cases.... [W]e have begun our overall drive to reduce delay on appeal by handling children related proceedings on a priority basis." Chief Judge John T. Sharpnack & Judge James S. Kirsch, *Advancing The Interests of Children in Appellate Practice*, Res Gestae, Mar. 1996, at 11.