Ronald JACKSON, Appellant–Plaintiff,

v.

CITY OF JEFFERSONVILLE; Mayor Tom Galligan, individually and in his official capacity; Common Council of the City of Jeffersonville; Ronald Ellis, individually and in his official capacity; Leslie Merkley, individually and in his official capacity; Ronald Grooms, individually and in his official capacity; Vicki Conlin, individually and in her official capacity; Bob Waiz, individually and in his official capacity; Barbara Wilson, individually and in her official capacity; Dennis Frantz, individually and in his official capacity, Appellees–Defendants.

No. 10A01–0112–CV–456.

Court of Appeals of Indiana.

July 18, 2002.

Matthew Jon McGovern, Gordon D. Ingle, Corydon, IN, Attorneys for Appellant.

Anne Marie Galligan, Jeffersonville, IN, Attorney for Appellees.

## OPINION

SHARPNACK, Judge.

Ronald Jackson appeals the trial court's denial of his motion for default judgment and the denial of his appeal against the City of Jeffersonville ("Jeffersonville"), the Common Council of the City of Jeffersonville ("Council"), and members of the Council ("Members") (collectively, the "Ap-

pellees"). Jackson raises two issues, which we restate as:

I. Whether the trial court abused its discretion when it denied his motion for default judgment; and

II. Whether the trial court erroneously denied his annexation appeal because it misinterpreted Ind.Code §§ 36–4–3–15.5.

We affirm.

The relevant facts follow. On August 7, 2000, the Council adopted Resolution 2000–R–30, which established a written fiscal policy for services to Annexation Area 7. The Council also adopted Ordinance 2000–OR–46, which annexed Area 7. The total boundary of Area 7 measures 110,-888.85 feet, and 15,782.85 feet of that boundary is contiguous to the boundary of Jeffersonville's existing municipal limits. Consequently, Area 7 shares 14.23% of its total boundary with Jeffersonville.

Jackson owns property within one-half of a mile outside the boundary of Area 7. On January 8, 2001, he filed an appeal against Jeffersonville's annexation of Area 7 pursuant to Ind.Code § 36–4–3–15.5. On March 26, 2001, the trial court held a pre-trial conference wherein the Appellees agreed to stipulate that Jackson's complaint was sufficient. Jackson did not issue a summons to the Appellees after his complaint was deemed sufficient. Rather, two days after the pre-trial conference, Jackson filed a motion for default judgment alleging that the Appellees had failed to file an answer to his complaint within twenty days from the date of service as required by Ind. Trial Rule 6. On April 23, 2001, the Appellees filed an answer to Jackson's complaint. Subsequently, the trial court conducted a hearing on both Jackson's motion for default judgment and on the merits of his annexation appeal. On November 5, 2001, the trial court de-nied Jackson's motion for default judgment and denied his annexation appeal.

## I.

The first issue is whether the trial court abused its discretion when it denied Jackson's motion for default judgment. The grant or denial of a default judgment lies within the sound discretion of the trial court. *R.R. Donnelley & Sons Co. v. N. Texas Steel Co., Inc.*, 752 N.E.2d 112, 126 (Ind.Ct.App.2001), *reh'g denied, trans. denied.* On appeal, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* However, Indiana courts do not generally favor default judgments. *Pinkston v. Livingston,* 554 N.E.2d 1173, 1176 (Ind.Ct.App.1990). Thus, any doubt as to the propriety of a default judgment is to be resolved in favor of the nonmoving party. *Pitts v. Johnson County Dep't of Pub. Welfare,* 491 N.E.2d 1013, 1015 (Ind.Ct.App.1986).

Here, Jackson argues that the trial court erroneously denied his motion for default judgment because the Appellees failed to answer his complaint until three and one-half months after Jackson had filed the appeal, without offering a reason for the delay. Jackson further contends that, by denying his motion for default judgment, the trial court "misinterpreted Ind.Code § 36–4–3–15.5, placing it [in] direct conflict with the pleading requirements of Ind. Trial Rules 6(C) and 12. . . ." Appellant's Brief at 6. Thus, in essence, Jackson maintains that the trial court erred when it denied his motion for default judgment because it disregarded the pleading requirements of Ind. Trial Rule 6(C) and, instead, favored the procedural mandates of Ind.Code § 36–4–3–15.5.

First, we recognize that the Indiana Supreme Court has the inherent power to establish rules governing the

course of litigation in our trial courts. *Humbert v. Smith,* 655 N.E.2d 602, 604 (Ind.Ct.App.1995), *adopted on trans.,* 664 N.E.2d 356 (Ind.1996). We have held repeatedly that in the event of a conflict between a procedural statute and a procedural rule adopted by the supreme court, the latter shall take precedence. *Id.* When a statute conflicts with the Indiana rules of trial procedure, the rules of procedure govern, and phrases in statutes which are contrary to the rules of procedure are considered a nullity. *Taylor v. Lewis,* 577 N.E.2d 986, 989 (Ind.Ct.App.1991), *reh'g denied, trans. denied.*

■ Moreover, our supreme court has clarified that, to be "in conflict," it is not necessary that the rule and the statute be in direct opposition. *State v. Bridenhager,* 257 Ind. 699, 704, 279 N.E.2d 794, 796 (1972). Rather, the rule and the statute need only be incompatible to the extent that both could not apply in a given situation. *Id.* Further, a procedural rule enacted by statute may not operate as an exception to a procedural rule having general application. *Id.* at 702, 279 N.E.2d at 796. However, a procedural statute that does not conflict with any of the court rules may be held operative. *State ex rel. Wright v. Morgan County Court,* 451 N.E.2d 316, 319 (Ind.1983); *see also Quakenbush v. Lackey,* 622 N.E.2d 1284, 1290 (Ind.1993) ("Where two statutes are in apparent conflict they should be construed, if it can be reasonably done, in a manner so as to bring them into harmony."), *reh'g denied.*

In the present case, we are concerned specifically with the rule of procedure dealing with the time allotted to a defendant for filing an answer. Ind. Trial Rule 6(C) provides, in part, as follows: "A responsive pleading required under these rules, shall be served within twenty [20] days after service of the prior pleading." In addition, at the time Jackson filed his initial annexation appeal with the trial court, Ind. Trial Rule 3 provided, in relevant part, that: "A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute." We have previously held that the commencement of an action occurs when the plaintiff presents the clerk with the documents necessary for commencement of suit. *Fort Wayne Int'l Airport v. Wilburn,* 723 N.E.2d 967, 969 (Ind.Ct.App.2000), *trans. denied.* Our supreme court has also referred to the summons as one of the essential documents: "The plaintiff, of course, controls the presentation of all the documents necessary to commencement of a suit: the complaint, the summons, and the fee." *Boostrom v. Bach,* 622 N.E.2d 175, 177 n. 2 (Ind.1993), *reh'g denied, cert. denied,* 513 U.S. 928, 115 S.Ct. 318, 130 L.Ed.2d 279 (1994).[1]

However, here, Jackson filed his appeal pursuant to Ind.Code § 36–4–3–15.5, which provides, in relevant part, that:

(a) Except as provided in subsection (b), an owner of land within one-half (1/2) mile of territory proposed to be annexed under this chapter may, not later than sixty (60) days after the publication of the annexation ordi-

---

1. We recognize that our analysis of Ind. Trial Rule 3 coincides with recent amendments to the Indiana Trial Rules reinforcing the Indiana Supreme Court's holding in *Boostrom.* 622 N.E.2d at 177 n. 2. Pursuant to an amendment dated December 21, 2001, and effective April 1, 2002, Ind. Trial Rule 3 now reads, "A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary."

nance, appeal that annexation to a circuit court or superior court of a county in which the annexed territory is located. The complaint must state that the reason the annexation should not take place is that the territory sought to be annexed is not contiguous to the annexing municipality.

\*     \*     \*     \*     \*     \*

(c) Upon the determination of the court that the complaint is sufficient, the judge shall fix a time for a hearing to be held not later than sixty (60) days after the determination. *Notice of the proceedings shall be served by summons upon the proper officers of the annexing municipality. The municipality shall become a defendant in the cause and be required to appear and answer.*

(Emphasis added). The procedure outlined in Ind.Code § 36–4–3–15.5(c) establishes a certain sequence of events. First, the trial court must determine that the petitioner's complaint is sufficient. *Id.* Second, the trial court shall schedule a hearing within sixty days of its determination that the complaint is sufficient. *Id.* Then, the petitioner shall serve notice of the proceedings by summons upon the proper officers of the annexing municipality. *Id.* Finally, the municipality shall become a defendant and is required to appear and answer. *Id.*

Thus, under Ind.Code § 36–4–3–15.5, the petitioner's annexation appeal becomes a complaint or its equivalent, as contemplated by Ind. Trial Rules 3 and 6, only after the trial court determines that it is sufficient and a petitioner serves summons on each defendant. As such, Ind. Trial Rules 3 and 6 are harmonious with Ind.

Code § 36–4–3–15.5, in that the annexation petitioner's civil action is not commenced, under Ind. Trial Rule 3, until the trial court determines that his or her complaint is sufficient. After such determination, the petitioner is required to serve a copy of the complaint and summons upon each defendant and each defendant, in turn, has twenty days after service in which to answer the complaint. *See* Ind. Trial Rule 6(C).

In the present case, our review of the Record reveals that the trial court deemed Jackson's complaint sufficient on March 26, 2001 and, at that time, it scheduled the matter for hearing within sixty days. However, Jackson never served summonses upon the Appellees.[2] By the plain language of Ind.Code § 36–4–3–15.5, the Appellees were not required to appear and answer Jackson's complaint until Jackson followed statutory procedure and served each of them with a summons. Because the Appellees were never served with summonses of Jackson's complaint as required by Ind.Code § 36–4–3–15.5 and Ind. Trial Rule 3, the Appellees' answer could not have been late. The trial court properly denied Jackson's motion for default judgment. *See, e.g., R.R. Donnelley,* 752 N.E.2d at 126 (affirming the trial court's denial of default judgment where plaintiff filed motion for default judgment four days after defendant sought a stay of proceedings pending interlocutory appeal).

## II.

■ The second issue is whether the trial court erroneously denied Jackson's appeal because it misinterpreted Ind.Code § 36–4–3–15.5. Because the trial court entered findings of fact and conclusions of

---

**2.** Jackson did serve summonses upon the Appellees with the initial annexation appeal that he filed with the trial court. However, those summonses were filed before the trial court determined that Jackson's complaint was sufficient.

law, its special findings will not be disturbed unless clearly erroneous.[3] Ind. Trial Rule 52(A). On appeal, we determine whether the evidence supports the findings and whether the findings support the judgment, and we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *City of Hobart v. Carter*, 695 N.E.2d 988, 990 (Ind.Ct.App.1998), *trans. denied.* We do not reweigh the evidence; rather, we consider the evidence most favorable to the judgment of the trial court with all reasonable inferences therefrom. *See, e.g., id.; see also Smith v. Town of Culver*, 249 Ind. 665, 667, 234 N.E.2d 494, 496 (1968) (affirming trial court's decision to uphold annexation).

In the present case, Jackson disputes the trial court's factual determination that Area 7 is contiguous to Jeffersonville. Specifically, Jackson argues that the trial court's finding that Area 7 is contiguous to the municipal boundary of Jeffersonville was improper because "[t]he trial court determined that the definition of 'contiguous' was to be exclusively determined by Ind.Code § 36–4–3–1.5" when in fact "Ind. Code § 36–4–3–13 enumerates additional factors for a determination of contiguity." Appellant's Brief at 10. In so doing, Jackson maintains, the trial court ignored "the overall intent of the Municipal Annexation and Disannexation Act." *Id.* at 11.

Before we address Jackson's argument, we observe that Ind.Code § 36–4–3–3 permits a municipality to annex contiguous territory. There are two procedures by which an annexation may be challenged in court. The first, by remonstrance, is available to owners of land within the annexed area. *See* Ind.Code § 36–4–3–11. The remonstrance provides for a hearing pursu-

ant to Ind.Code § 36–4–3–12, following which the trial court shall order the annexation to take place if certain statutory requirements have been met. *See* Ind. Code § 36–4–3–13. The second, by appeal, is available to owners of land within one half mile of the annexed area on the ground that the annexed territory is not contiguous to the annexing municipality. *See* Ind.Code § 36–4–3–15.5. If the trial court determines that the annexed area is contiguous to the annexing municipality, it shall deny the appeal and dismiss the proceeding. I.C. § 36–4–3–15.5(b).

Ind.Code § 36–4–3–1.5 provides that:

> For purposes of this chapter, territory sought to be annexed may be considered "contiguous" only if at least one-eighth (1/8) of the aggregate external boundaries of the territory coincides with the boundaries of the annexing municipality. In determining if a territory is contiguous, a strip of land less than one hundred fifty (150) feet wide which connects the annexing municipality to the territory is not considered a part of the boundaries of either the municipality or the territory.

The pertinent portion of Ind.Code § 36–4–3–13 that Jackson contends is applicable here and which the subject annexation fails to satisfy follow:

> (1) That the territory sought to be annexed is contiguous to the municipality as required by section 1.5 of this chapter, except that at least one-fourth (1/4), instead of one-eighth (1/8), of the aggregate external boundaries of the territory sought to be annexed must coincide with the boundaries of the municipality.

---

**3.** The Record is unclear regarding whether the parties requested the trial court to issue findings and conclusions. Accordingly, we assume for our analysis that the parties did not request special findings and conclusions.

(2) That the territory sought to be annexed is needed and can be used by the municipality for its development in the reasonably near future.

Thus, the question becomes whether the contiguity requirements to survive a remonstrance pursuant to Ind.Code §§ 36–4–3–11, –12, and –13 apply to an appeal pursuant to Ind.Code § 36–4–3–15.5 or whether the contiguity requirements to survive an appeal pursuant to Ind.Code § 36–4–3–15.5 are those stated in Ind. Code § 36–4–3–1.5.

■■■ Our purpose in construing a statute is to ascertain and give effect to the intention of the legislature as expressed in the statute.[4] *City of Muncie v. Lowe,* 705 N.E.2d 528, 531 (Ind.Ct.App. 1999), *trans. denied.* The objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.;* 600 N.E.2d 555, 558 (Ind.Ct.App.1992), *adopted on trans.,* 608 N.E.2d 699 (Ind.1993). When interpreting the words of a single section of a statute, we must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Lowe,* 705 N.E.2d at 531. Indeed, statutory provisions cannot be read standing alone; rather, they must be construed in light of the entire act of which they are a part. *Deaton v. City of Greenwood,* 582 N.E.2d 882, 885 (Ind.Ct.App.1991). We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We further presume that words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Ind. Dep't of Human Serv. v. Firth,* 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied.*

■■■ Jackson acknowledges that he, as an owner of property located within one half of a mile outside the boundary of Area 7, filed his annexation appeal pursuant to Ind.Code § 36–4–3–15.5. As such, Jackson recognizes that he may only "challenge the annexation [of Area 7] on the ground that the [Area 7] is not contiguous with the annexing municipality." Appellant's Brief at 8; *see also* Ind.Code § 36–4–3–15.5. However, Jackson argues that, in determining whether Area 7 is contiguous to Jeffersonville, the trial court should have applied Ind.Code § 36–4–3–13.

The problem with Jackson's argument is that Ind.Code § 36–4–3–13, by its plain and unambiguous language, refers specifically to the hearing under Ind.Code § 36–4–3–12. Ind.Code § 36–4–3–12, in turn, refers specifically to the hearing held under Ind.Code § 36–4–3–11.[5] Accordingly, the so-called additional factors for a determination of contiguity enumerated in Ind. Code § 36–4–3–13 are only applicable to annexation appeals by remonstrance filed pursuant to Ind.Code § 36–4–3–11. As such, the additional factors do not apply to Jackson's appeal, which was filed pursuant to Ind.Code § 36–4–3–15.5. As a result, the

---

4. Jackson argues that the annexation statutes are ambiguous. However, our review of the plain language of Ind.Code § 36–4–3–15.5, and the other annexation statutes, reveals that they are unambiguous.

5. Ind.Code § 36–4–3–12 provides, in relevant part, as follows:

(a) The circuit or superior court shall:

(1) on the date fixed under section 11 of this chapter, hear and determine the remonstrance without a jury; and

(2) without delay, enter judgment on the question of the annexation according to the evidence that either party may introduce.

trial court did not need to follow the definition of contiguity provided in Ind.Code § 36–4–3–13.

Moreover, viewing the Annexation Act as a whole, the existence of Ind.Code § 36–4–3–1.5 would appear to preclude Jackson's interpretation that the legislature intended for the more stringent definition of contiguity, under Ind.Code § 36–4–3–13, to apply to an appeal pursuant to Ind.Code § 36–4–3–15.5. If the legislature had intended the additional requirements of contiguity, provided in Ind.Code § 36–4–3–13, to apply to both a remonstrance under Ind.Code § 36–4–3–11 and an appeal under Ind.Code § 36–4–3–15.5, Ind. Code § 29–1–2–2 would have no apparent purpose. Again, Ind.Code § 36–4–3–1.5 provides, in pertinent part, that: *"For purposes of this chapter,* territory sought to be annexed may be considered 'contiguous' only if at least one-eighth (1/8) of the aggregate external boundaries of the territory coincides with the boundaries of the annexing municipality." (Emphasis added). The definition of contiguity is only pertinent to two sections in chapter 36: (1) a remonstrance under Ind.Code § 36–4–3–11; and (2) an appeal under Ind.Code § 36–4–3–15.5. However, as discussed above, the legislature intended a more stringent definition of contiguity to apply to a remonstrance by residents of the annexed territory as evidenced by the express language of Ind.Code §§ 36–4–3–11 and 13(c), which provides, in part: "the territory sought to be annexed is contiguous to the municipality as required by section 1.5 of this chapter, except that at least one-fourth (1/4), instead of one-eighth (1/8), of the aggregate external boundaries of the territory sought to be annexed must coincide with the boundaries of the municipality." The language of Ind.Code § 36–4–3–15.5 does not contain any such exception. Thus, assuming that the legislature intended Ind.Code § 36–4–3–1.5 to be

meaningful, we hold that the definition of contiguity found in Ind.Code § 36–4–3–1.5 applies to an appeal under Ind.Code § 36–4–3–15.5.

Here, the Record reveals that the boundary shared between Area 7 and Jeffersonville equals 14.23% of Area 7's total boundary. As such, Area 7 is contiguous to the municipal boundary of Jeffersonville. Accordingly, the trial court did not err by denying Jackson's annexation appeal. *See* Ind.Code § 36–4–3–15.5; *see, e.g., Delph v. Town Council of Town of Fishers,* 596 N.E.2d 294, 297–298 (Ind.Ct. App.1992).

For the foregoing reasons, we affirm the trial court's denial of Jackson's motion for default judgment and its denial of Jackson's appeal.

Affirmed.

BROOK, C.J., and FRIEDLANDER, J., concur.