**In the Matter of the Termination of the Parent–Child Relationship of J.H., Minor Child, and her Mother, Nikki Mast–Hough,[1] and her Father, Anthony Hough,**

**Anthony Hough, Appellant/Respondent,**

v.

**Allen County Department of Child Services, Appellee/Petitioner.**

No. 02A05–0807–JV–410.

Court of Appeals of Indiana.

Jan. 12, 2009.

---

1. J.H.'s mother, whose parental rights were also terminated, is not a party to this appeal. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the juvenile court is a party on appeal.

Thomas C. Allen, Fort Wayne, IN, Attorney for Appellant.

Sherry Hartzler, Indiana Department of Child Services, Fort Wayne, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Respondent Anthony Hough ("Father") appeals the juvenile court's termination of his parental rights to his daughter, J.H. Upon appeal, Father claims that he did not receive proper notice of the proceedings and that the juvenile court therefore lacked jurisdiction to terminate his parental rights. We affirm.

### FACTS AND PROCEDURAL HISTORY

J.H., who was born on November 1, 2003, was adjudicated to be a Child in Need of Services ("CHINS") in Allen Superior Court on July 18, 2006. Following a March 22, 2007 permanency hearing at which Father was present, on April 13, 2007, the juvenile court found that termination of parental rights was in J.H.'s best interest, and it adopted a permanency plan which included terminating parental rights. On June 21, 2007, the Allen County Department of Child Services ("ACDCS") filed a petition seeking the involuntary termination of Father's parental rights. On August 30, 2007, Father appeared at a review hearing regarding the CHINS adjudication. That same day, Father was served with a summons regarding the termination proceedings. The summons, which was attached to a copy of the termination petition, commanded Fa-

ther to appear at the Allen Superior Court, Family Relations Division, Room 208, in Fort Wayne on October 15, 2007, at 1:30 p.m. for a termination trial and any further proceedings. Father signed the summons, acknowledging receipt of service.

At the October 15 termination hearing, Father was present but objected to the court's jurisdiction on the grounds that he had not received proper service of process. The trial court denied his objection based upon Indiana Code section 31–32–9–1(d) (2006), which provides that service of summons is not required if the person entitled to be served attends the hearing. Following the termination hearing, which continued on October 19 and December 4, 2007, the juvenile court entered an order on March 4, 2008, terminating Father's parental rights. This appeal follows.

## DISCUSSION AND DECISION

Upon appeal, Father challenges the juvenile court's personal jurisdiction by claiming that the summons did not follow certain specifications of Trial Rule 4(C). The ACDCS responds by claiming that it was not required to comply with Trial Rule 4(C) and that the summons issued was reasonably calculated to inform Father of the termination proceedings.

### I. Standard of Review

■ Personal jurisdiction is a question of law. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 965 (Ind.2006) (citing *Anthem Ins. Co. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind.2000), *superseded by rule on other grounds* ). As with other questions of law, a determination of the existence of personal jurisdiction is entitled to *de novo* review by appellate courts. *Id.* This court does not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. *Id.* However, personal jurisdiction turns on facts, and findings of fact by the trial court

are reviewed for clear error. *Id.* Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law. *Rogers v. Rogers*, 876 N.E.2d 1121, 1126 (Ind.Ct.App.2007), *trans. denied.*

### II. Applicable Law

■ Father claims that the summons was defective and deprived the trial court of personal jurisdiction over him. Ineffective service of process prohibits a trial court from having personal jurisdiction over a respondent. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind.Ct.App.2001). A judgment rendered without personal jurisdiction over a defendant violates due process and is void. *See Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind.1998). A void judgment is a complete nullity and may be attacked at any time. *See id.* at 1154, 1156.

■ The question as to whether process was sufficient to permit a juvenile court to exercise jurisdiction over a party involves two issues: whether there was compliance with the Indiana Trial Rules regarding service, and whether such attempts at service comported with the Due Process Clause of the Fourteenth Amendment. *See In re D.C.*, 887 N.E.2d 950, 955–56 (Ind.Ct.App.2008) (citing *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind.Ct.App. 2005)).

### III. Analysis

#### A. Compliance with Trial Rules

■ A proceeding to terminate parental rights is basically an in rem proceeding and is governed by the Indiana Rules of Procedure. *In re A.C.*, 770 N.E.2d 947, 949 (Ind.Ct.App.2002). Indiana Trial Rule 4(C) directs that a proper summons form shall contain the following information:

(1) The name and address of the person on whom the service is to be effected;

(2) The name, street address, and telephone number of the court and the cause number assigned to the case;

(3) The title of the case as shown by the complaint, but, if there are multiple parties, the title may be shortened to include only the first named plaintiff and defendant with an appropriate indication that there are additional parties;

(4) The name, address, and telephone number of the attorney for the person seeking service;

(5) The time within which these rules require the person being served to respond, and a clear statement that in case of his failure to do so, judgment by default may be rendered against him for the relief demanded in the complaint.

Father claims that the summons in his case was defective because it did not comport with Trial Rule 4(C).

## 1. Applicability of Trial Rule 4

The ACDCS responds by arguing, pursuant to *A.C.*, that it was not required to follow Trial Rule 4. ACDCS further argues, pursuant to Indiana Code sections 31–32–9–1(d) and 31–35–2–2 (2006), that because Father was present at the termination hearing, he was not entitled to a summons.

### a. Precedential Value of *A.C.*

We first address ACDCS's claim based upon *A.C.* that it was not required to follow Trial Rule 4. In *A.C.* this court determined that the petitioner had properly followed the requirements of Trial Rule 4 in serving the respondent with process by publication. 770 N.E.2d at 949. With respect to the additional statutory procedural requirements for termination proceedings enumerated in Indiana Code section 31–35–2–6.5, however, this court held that such requirements were not of constitu-

tional dimension and were not governed by the Trial Rule 4 requirements regarding service of process. *Id.* at 950. ACDCS uses the *A.C.* analysis to argue that the notice requirements at issue in the instant case similarly are not governed by Trial Rule 4. Yet here, unlike in *A.C.*, Father's challenge is not to the adequacy of certain notice requirements after proper summons was made, but rather to the propriety of the summons to begin with. It is therefore a direct challenge to ACDCS's service of process. Accordingly, as *A.C.* provides, Trial Rules 4–4.17 are applicable. *Id.* We are unpersuaded by ACDCS's argument, based upon *A.C.*, that Trial Rule 4 does not apply to this case.

### b. Preclusive Effect of Indiana Code section 31–32–9–1(d)

■■■■ We next address ACDCS's claim, pursuant to section 31–32–9–1(d), that Father's presence at the termination hearing precluded the need for a summons. Section 31–32–9–1(d) provides that service of summons is not required if the person entitled to be served attends the hearing. Section 31–35–2–2 provides that section 31–32–9–1 applies to terminations of parental rights involving CHINS, as is the case here. Here, the trial court found, and neither party disputes, that Father was present at the termination hearing. ACDCS argues that under section 31–32–9–1(d), Father was therefore not entitled to summons and that his objection to the form of the summons is therefore meritless.

■■■■ Father argues that section 31–32–9–1(d) is inapplicable because it conflicts with the Indiana Trial Rules. It is a fundamental rule of law in Indiana that in cases where procedural statutes conflict with procedural rules adopted by the Indiana Supreme Court, the procedural rules take precedence. *Bowyer v. Ind.*

*Dept. of Nat. Res.,* 798 N.E.2d 912, 916 (Ind.Ct.App.2003) (citing *Jackson v. City of Jeffersonville,* 771 N.E.2d 703, 706 (Ind. Ct.App.2002)). " 'When a statute conflicts with the Indiana rules of trial procedure, the rules of procedure govern, and phrases in statutes which are contrary to the rules of procedure are considered a nullity.' " *Bowyer,* 798 N.E.2d at 917 (quoting *Jackson,* 771 N.E.2d at 706). To be "in conflict," it is not necessary that the rule and the statute be in direct opposition. *Id.* The rule and the statute need only be incompatible to the extent that both could not apply in a given situation. *Id.* A procedural statute may not operate as an exception to a procedural rule having general application. *Id.* A procedural statute that does not conflict with any of the trial rules may be held operative. *Id.* However, any statute conflicting with procedural rules enacted by the Indiana Supreme Court shall have no force or effect. *Id.* (citing *McEwen v. State,* 695 N.E.2d 79, 89 (Ind.1998)).

Here, section 31–32–9–1(d), which provides that service of summons is not necessary for persons attending the hearing, arguably operates as an exception to the generally applicable procedural rules in Trial Rules 4(A) and (C) regarding service of process and the required substance of a summons. *See id.* Although the ACDCS argues that juvenile jurisdiction and proceedings operate independently of the civil jurisdiction and proceedings prescribed by the trial rules, its argument on this point is undercut by the very statute it cites, namely section 31–32–9–2, which provides that in termination actions, service to parents must be in accordance with Trial Rule 4.1 ("Summons: Service on Individuals") or 4.13 ("Summons: · Service by Publication"), both of which require a summons.

Having recognized this potentially impermissible incompatibility between the trial rules and section 31–32–9–1(d), we are reluctant to accept ACDCS's argument that section 31–32–9–1(d) dispenses with Father's challenge to the adequacy of the summons in this case. Accordingly, we turn to the merits of Father's argument.

### 2. Conformity with Trial Rule 4

Father specifically claims that the summons in his case was defective because it did not contain (1) his address; (2) the name, street address, and telephone number of the court; (3) the name, address, and telephone number of the attorney for the ACDCS; or (4) the time period for a response and a statement regarding the consequences if he failed to respond.

A review of the summons demonstrates that it did not contain (1) Father's address, (2) the street address or telephone number of the court, (3) the name, address, and telephone number of ACDCS's attorney, or (4) the time period for a response and a statement regarding the consequences of a failure to respond. However, as Indiana Trial Rule 4.15(F) provides, "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond."

### B. Due Process

 In evaluating the adequacy of the summons in light of Rule 4.15(F), we bear in mind the constitutional due process protections which a defective summons must nevertheless satisfy. " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Munster,* 829 N.E.2d at 58 (quoting *Mullane v.*

*Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); *see D.C.,* 887 N.E.2d at 957. " '[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the [respondent] might reasonably adopt to accomplish it.' " *Id.* (quoting *Mullane,* 339 U.S. at 315, 70 S.Ct. 652).

Here, Father's address was not included in the summons, but the summons was handed to him personally, so we are unpersuaded that his missing address somehow implicated the adequacy of the notice. In addition, while the court's street address and telephone number were also missing, its location, namely the Fort Wayne Courthouse, Room 208, was included. Given that Father was involved in and present at J.H.'s CHINS proceedings in this same court, we are similarly unconvinced that the lacking street address and phone number somehow compromised the adequacy of the notice. Furthermore, while the summons itself did not contain the name, address, and telephone number of DCS's attorney, the petition referenced by and attached to the summons did. We are unable to say that the failure of this information also to appear in the summons materially affects the adequacy of the notice. As for the summons' alleged failure to indicate a time period for a response or a statement regarding the consequences of failing to respond, we are similarly unpersuaded that Father was inadequately informed on these grounds. The summons listed the date and time of the termination trial and indicated the subject matter at issue was the termination of Father's parent-child relationship with J.H. While we would encourage the ACDCS to more plainly indicate in future summonses the required response time and the consequences of a failure to respond, a simple inference from the information provided demonstrates that the termination trial was the necessary deadline for a response, and the consequences of a failure to respond would be the termination of Father's parental rights to J.H. Of course, all of the above reasoning may have proven faulty if Father had failed to appear for the termination hearing. But Father appeared, reinforcing our conclusion that the defects in the summons did not run afoul of due process protections or indicate that it was not reasonably calculated to apprise him of the pendency and location of the termination action and the necessary time for a response. Pursuant to Trial Rule 4.15(F) and with due consideration for due process principles, we are convinced that process was sufficient to permit the trial court to exercise jurisdiction over Father. *See D.C.,* 887 N.E.2d at 955–56 (citing *Munster,* 829 N.E.2d at 58).

### III. Conclusion

Having concluded that neither *A.C.* nor Indiana Code section 31–32–9–1(d) operates to exempt ACDCS from required compliance with the Indiana Trial Rules regarding service of process, but having concluded that ACDCS nevertheless adequately complied with such rules to satisfy due process considerations, we reject Father's challenge to the trial court's termination of his parental rights to J.H. on the grounds that it did not have personal jurisdiction over him.

The judgment of the juvenile court is affirmed.

FRIEDLANDER, J., and MAY, J., concur.