

IN THE

# Court of Appeals of Indiana

Patricia Lynne Davidson,

*Appellant-Defendant,*

v.

Jamie Hammond,

*Appellee-Plaintiff.*

FILED

Sep 25 2025, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



---

September 25, 2025

Court of Appeals Case No.
25A-SC-879

Appeal from the
Perry Circuit Court

The Honorable
Karen Werner, Magistrate

The Honorable
M. Lucy Goffinet, Judge

Trial Court Cause No.
62C01-2407-SC-134

**Opinion by Senior Judge Crone**
Judges May and Mathias concur.

**Crone, Senior Judge.**

## Statement of the Case

Patricia Lynne Davidson appeals the small claims court's entry of judgment for Jamie Hammond. She raises several issues, but we address only one: whether the court erred in determining that Davidson waived her right to a jury trial. Concluding that the court did not follow the Indiana Rules for Small Claims, we reverse and remand with instructions.

## Facts and Procedural History

Davidson's child was eleven years old when a doctor referred the child to Hammond for speech therapy. Hammond assessed the child and determined additional treatment, including therapy to improve how the child chewed and swallowed food, was necessary. She had forty-eight appointments with the child over a period of seven months. Hammond ultimately billed Davidson $1,692 for copays, after Davidson's insurer paid other costs. Davidson objected to the bill and refused to pay.

[3] On July 16, 2024, Hammond filed a notice of claim and affidavit in the Perry Circuit Court's small claims division.[1] The documents were served on Davidson by mail on July 31.

[4] On August 7, Davidson filed a letter with the small claims court requesting a jury trial. The court did not rule on her request. Instead, on August 27, the court made the following entry on the Chronological Case Summary:

> The Court finds that the Respondent did not pay the additional amount required by statute to transfer the claim to the plenary docket, therefore, pursuant to S.C. 2(B)(10), the Respondent is deemed to have waived the request for jury trial. The Court confirms the bench trial set for October 22, 2024 at 9:30 am (1 hour reserved).

Appellant's App. Vol. II, p. 2.

[5] In March of 2025, the court held the bench trial, found in favor of Hammond, and ordered Davidson to pay Hammond $1,692. This appeal followed.

## Discussion and Decision

[6] The dispositive question is whether the small claims court erred in determining that Davidson waived her right to a jury trial. Hammond has not filed an Appellee's Brief. "Where an appellee fails to file a brief, we do not undertake to develop arguments on that party's behalf; rather, we may reverse upon a prima

---

[1] Davidson did not include those documents in her Appellant's Appendix.

facie showing of reversible error by the appellant." *Ayers v. Stowers*, 200 N.E.3d 480, 483 (Ind. Ct. App. 2022). "Prima facie error is error 'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014)). Even where the appellee has not filed a brief, we review questions of law de novo. *Harvey v. Keyed In Prop. Mgmt., LLC*, 165 N.E.3d 584, 587 (Ind. Ct. App. 2021) (interpreting Small Claims Rules), *trans. denied*.

[7] Davidson's jury trial argument requires us to construe Indiana's Small Claims Rules. We are mindful of the rules of statutory construction, which are applicable to the interpretation of rules adopted by the Indiana Supreme Court. *See Carter-McMahon v. McMahon*, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004) (discussing Indiana Trial Rules). "The primary rule of statutory construction is to ascertain and give effect to the intent of the drafters, and the plain language of the statute . . . is the best evidence of the drafters' intent." *FLM, LLC v. Metro. Dev. Comm'n of Marion Cnty.*, 76 N.E.3d 952, 957 (Ind. Ct. App. 2017), *trans. denied*. "All words must be given their plain and ordinary meaning unless otherwise indicated." *Id*. When procedural statutes conflict with procedural rules adopted by the Indiana Supreme Court, the procedural rules take precedence. *In re J.H.*, 898 N.E.2d 1265, 1269 (Ind. Ct. App. 2009), *trans. denied*.

[8] When a defendant is sued on a circuit court's small claims docket, Indiana Code section 33-28-3-7(b) (2004) states that the defendant may demand a jury trial no later than ten (10) days after receiving service of the plaintiff's notice of

claim.  The notice of claim must inform defendant of the right to a jury trial and the ten-day notice period.  I.C. § 33-28-3-7(c).[2]

[9]     Indiana Small Claims Rule 2(B)(10) elaborates upon the information a plaintiff must provide to the defendant in the notice of claim.  The notice must include:

> Notice of the defendant's right to a jury trial and that such right is waived unless a jury trial is requested within ten (10) days after receipt of the notice of claim; that once a jury trial request has been granted, it may not be withdrawn without the consent of the other party or parties; and within ten (10) days after the jury trial request has been granted, the party requesting a jury trial shall pay the clerk the additional amount required by statute to transfer the claim to the plenary docket or, in the Marion Small Claims Court, the filing fee necessary to file a case in the appropriate court of the county; otherwise, the party requesting a jury trial shall be deemed to have waived the request[.]

*Id*.  The rule plainly states that a defendant's obligation to pay the additional amount required to transfer the case to the plenary docket does not take effect until after the trial court grants the defendant's request for a jury trial.

[10]    Indiana Small Claims Rule 4(C) also addresses requests for jury trials:

> Notwithstanding any statute to the contrary, a defendant may request a jury trial by submitting a written request to the court within ten (10) days after receipt of the notice of claim.  No statement of facts supporting the request or verification of the request is required.  The party requesting a jury trial shall pay the

---

[2] Indiana Code section 33-29-2-7 (2004) is similar to Indiana Code section 33-28-3-7 but applies to superior courts' small claims dockets.

clerk the additional amount required by statute to transfer the claim to the plenary docket or, in the Marion Small Claims Court, the filing fee necessary to file a case in the appropriate court of the county. Unless filed within ten (10) days after receipt of the notice of claim the right to a jury trial is waived. *Once a jury trial request has been granted*, it may not be withdrawn without the consent of the other party or parties.

(emphasis added). Rule 4(C), like Rule 2(B)(10), demonstrates that a small claims court must rule on a defendant's request for a jury trial. Further, Rule 4(C) does not state that failure to file the additional fee within a set time will waive a right to a jury trial. Instead, the rule provides that failure to timely file a jury trial request will result in waiver.

[11] Next, Indiana Small Claims Rule 13 requires the Judicial Conference of Indiana to create a small claims manual and distribute it to small claims courts, who "shall make it available to every litigant and to such other persons or organizations as the court may deem appropriate."[3] The Small Claims Manual states as follows regarding jury trial requests:

> If the Defendant wants a jury trial it must be requested no later than ten days after the Defendant is served with the Notice of Claim. The defendant demands a jury trial by filing an affidavit in compliance with Ind. Code 33-28-3-7 or Ind. Code 33-29-2-7 and paying a seventy-dollar ($70.00) fee. The affidavit must state that there is a question of fact in the case which requires a jury

---

[3] The record does not demonstrate that Davidson or Hammond was aware of the Small Claims Manual during the small claims court's proceedings. We refer to the Manual only as relevant to our discussion of the requirements imposed on a defendant who intends to exercise the right to a jury trial.

trial, must explain this fact (or facts), and must state that the request for a jury trial is made in good faith. *The transfer fee must be paid within ten (10) days after the jury trial request has been granted*; otherwise the party requesting the jury trial has waived the request. If a jury trial request has been granted, it may not be withdrawn without the consent of the other party or parties.

Indiana Office of Court Services, Small Claims Manual (2025), p. 20, https://www.in.gov/courts/files/small-claims-manual.pdf (last visited Sept. 17, 2025) (emphasis added). The Manual, like the Small Claims Rules, demonstrates that the trial court must rule on a defendant's jury trial request before the defendant has to pay the fee to transfer the case to the plenary docket.

[12] In the current case, Davidson timely filed a request for a jury trial, but the small claims court did not rule on the request. Instead, the court waited twenty days and then stated that Davidson had waived her right to a jury trial by failing to file the additional fee for the transfer to the plenary docket. The court's approach does not comply with the plain language of the Small Claims Rules, which require a court to rule on a defendant's request before the obligation to pay takes effect. The court erred by failing to rule on Davidson's request to exercise her right to a jury trial, and we must reverse. *See Morton v. Ivacic*, 898 N.E.2d 1196, 1200 (Ind. 2008) (reversing small claims judgment after trial; small claims court did not allow defendant to present sworn testimony or documentary evidence). We remand for further proceedings consistent with this opinion, specifically: (1) vacating the judgment; and (2) issuing a ruling on

Davidson's request for a jury trial. If the small claims court grants Davidson's request, she must pay the $70.00 transfer fee within ten days of the date of the small claims court's order. We express no opinion on the merits of the parties' claims.[4]

## Conclusion

For the reasons stated above, we reverse the judgment of the small claims court and remand with instructions.

Reversed and remanded with instructions.

May, J., and Mathias, J., concur.

APPELLANT PRO SE

Patricia Davidson
LaGrange, Kentucky

---

[4] Davidson requests an award of appellate costs under Indiana Appellate Rule 67. Appellate Rule 67(C) provides that an appellant "*shall* recover costs" when "a judgment has been reversed in whole" (emphasis added). Costs include the appellate filing fee, the cost of preparing the Record on Appeal (including the Transcript and appendices), and postage expenses. App. R. 67(B). Davidson has prevailed on appeal and is entitled to an award of costs. We grant the motion by a separate order.