**Stephanie Layne COTTON,**
**Appellant–Respondent,**

v.

**Charles Cornelius COTTON,**
**Appellee–Petitioner.**

**No. 43A03–1005–DR–325.**

Court of Appeals of Indiana.

Feb. 24, 2011.

---

David W. Stone, IV, Stone Law Office and Legal Research, Anderson, IN, Attorney for Appellant.

James S. Butts, Law Office of James S. Butts, P.C., Warsaw, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Stephanie Cotton ("Wife") appeals the dissolution court's denial of her motion to set aside the decree of dissolution that the court had entered dissolving Wife's marriage to Charles Cotton ("Husband"). Wife presents a single dispositive issue for our review, namely, whether the dissolution decree is void for insufficiency of process. We conclude that the summons served on Wife was insufficient as a matter of law for the court to exercise personal jurisdiction over Wife and, therefore, that the decree is void.

We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The parties were married in June 2002, and there was one child born of the marriage. On March 11, 2009, Husband filed a petition for dissolution of marriage, but he continued to live with Wife in the marital home until August 20, 2009. Wife was served with a summons and a copy of the petition for dissolution, but she did not appear personally or by counsel and did not respond to the petition. Wife believed that she and Husband were trying to reconcile and that Husband was not pursuing a final dissolution decree despite his petition.

However, Husband and his counsel attended a final hearing on Husband's petition on September 18, 2009.[1] Based solely upon Husband's testimony at that hearing, the dissolution court defaulted Wife and entered the final dissolution decree, which awarded the parties joint legal and physical custody of their son and divided the marital estate. When Wife learned that the dissolution decree had been entered, she obtained counsel and filed a verified motion to set aside the decree of dissolution pursuant to Indiana Trial Rule 60(B)(1), (3), (4), or (8). Wife alleged in relevant part that the summons she received did not comply with Indiana Trial Rule 4(C)(5). Following a hearing, the dissolution court, by a judge pro tempore, denied the motion to set aside. This appeal ensued.

## DISCUSSION AND DECISION

█ Wife challenges the dissolution decree on the ground that it was entered without personal jurisdiction over her and is, therefore, void. Specifically, while Wife

---

1. Because Wife had not filed an appearance with the dissolution court, she was not notified of the final hearing. *See* Trial Rule 5(A). Regardless, the CCS does not show that the final hearing had been scheduled. Instead, it appears that the hearing was held impromptu.

contends that the form of the summons served with the petition for dissolution did not comply with Trial Rule 4(C)(5), she does not challenge service of the summons. The difference between insufficiency of process and insufficiency of service of process is not often addressed. Thus, we pause to note the distinction.

A claim of insufficiency of process "challenges the content of a summons; [insufficiency of service of process] challenges the manner or method of service." *Heise v. Olympus Optical Co.*, 111 F.R.D. 1, 5 (N.D.Ind.1986). Trial Rule 4 (process), Trial Rules 4.1 through 4.17 (service of process), and Trial Rule 5 (service and filing of pleading and other papers) are each meant to satisfy the notice element of due process. Thus, case law discussing service of process is useful in considering Wife's contention that process, or the content of the summons, was insufficient.

In *Grabowski v. Waters*, 901 N.E.2d 560, 563 (Ind.Ct.App.2009), *trans. denied*, we set out our standard of review and applicable law as follows:

> Personal jurisdiction is a question of law. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 965 (Ind.2006) (citing *Anthem Ins. Co. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1237 (Ind.2000), *superseded by rule on other grounds* ). As with other questions of law, a determination of the existence of personal jurisdiction is entitled to *de novo* review by appellate courts. *Id.* This court does not defer to the trial court's legal conclusion as to whether personal jurisdiction exists. *Id.* However, personal jurisdiction turns on facts, and findings of fact by the trial court are reviewed for clear error. *Id.* Clear error exists where the record does not offer facts or inferences to support the trial court's findings or conclusions of law. *Rogers v. Rogers,*

876 N.E.2d 1121, 1126 (Ind.Ct.App. 2007), *trans. denied.*

> Ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 659 (Ind.Ct.App.2001). A judgment rendered without personal jurisdiction over a defendant violates due process and is void. *See Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind. 1998). A void judgment is a complete nullity and may be attacked at anytime. *See id.* at 1154, 1156.

> *The question as to whether process was sufficient to permit a trial court to exercise jurisdiction over a party involves two issues: whether there was compliance with the Indiana Trial Rules regarding service, and whether such attempts at service comported with the Due Process Clause of the Fourteenth Amendment. See In re Adoption of D.C.*, 887 N.E.2d 950, 955–56 (Ind.Ct. App.2008) (citing *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind.Ct.App.2005)).

(Emphasis added).

Here, after Husband filed his petition for dissolution of marriage, Wife was served with a summons that stated as follows:

> You have been sued by the Petitioner in the Kosciusko Circuit Court.... The nature of the lawsuit and the demand made against you are stated in the Petition for Dissolution of Marriage which is served on you with this Summons.

> You *may personally appear* in this action or your attorney may appear for you. *You must appear before the Court if directed to do so pursuant to a Notice, an Order of the Court, or a Subpoena.* You *may file a response* to the Petition prior to submission of the Petition at final hearing which may be tried or heard after the expiration of sixty (60)

days from the date of filing of the Petition for Dissolution of Marriage or from the date of the publication of the first Notice to a non-resident.

Appellant's App. at 40 (emphases added). The summons was not on a form provided by the Clerk, but was typewritten and prepared by counsel for Husband.

■ The summons informed Wife that she or her attorney may appear and that she may respond, but nothing in the summons required Wife to do anything in response to the petition having been filed, other than to appear before the court "if directed to do so." There is no evidence that Wife was subsequently directed to do anything by the dissolution court. Indeed, under Trial Rule 5(A), "[n]o service need be made on parties in default for failure to appear." Thus, after Wife failed to appear, the dissolution court was not required to give Wife written notice of the final hearing. We hold that due process requires that, at a minimum, a respondent in a dissolution proceeding be notified of the risk of default for failure to appear or otherwise respond.

■ The trial rules apply to dissolution proceedings. *See* Ind.Code § 31–15–2–1; *and see* Ind. Trial Rule 1. Indiana Trial Rule 4(C)(5) provides that a summons "shall contain ... [t]he time within which these rules *require* the person being served to respond, and a clear statement that in case of his failure to do so, judgment by default may be rendered against him for the relief demanded in the complaint." *See* 1 William F. Harvey, Indiana Practice, § 4.4 at 109 (3d ed.1999) (emphasis added). Here, the summons did not notify Wife of the time within which she was required to respond to avoid default. But no responsive pleading is required in a dissolution of marriage. *See* Ind.Code § 31–15–2–9 (stating that a responsive pleading or a counter petition "may" be

filed in a dissolution proceeding). Thus, the language of Trial Rule 4(C)(5) does not squarely address the circumstances in this case, where no response was necessary. But the command of Trial Rule 4(C)(5), grounded in due process, is that the respondent in a dissolution proceeding must be given notice in a "clear statement" of the risk of default for failure to appear or otherwise respond because that risk is present regardless of whether a response is required.

■ In a dissolution of marriage, if the person being served elects to respond or otherwise contest the petition, she must respond not later than the date of the final hearing. In practice, the date of the final hearing is usually not known or ascertainable when the summons is issued. In this instance, the summons stated that Wife "may file a response to the Petition prior to submission of the Petition at final hearing which may be tried or heard after the expiration of sixty (60) days...." Appellant's App. at 40. This is a correct statement of the law. But since neither the Trial Rules nor the Dissolution of Marriage Act require a responsive pleading before the final hearing, we cannot say that the failure of the summons to state a specific return date for a response to the petition renders the summons insufficient as a matter of law.

■ But "[d]ue process contemplates notice and an opportunity to be heard." *City of Hobart Common Council v. Behavioral Inst. of Ind., LLC*, 785 N.E.2d 238, 251 (Ind.Ct.App.2003). Just as insufficiency of service of process deprives a court of personal jurisdiction, *see Hough v. Allen County Dep't of Child Servs. (In re J.H.)*, 898 N.E.2d 1265, 1268 (Ind.Ct.App.2009), so, too, does insufficiency of process deprive the litigant of the notice required for the court to obtain personal jurisdiction.

Wife was entitled to notice that a default judgment could be entered if she failed to appear or otherwise respond. *See* T.R. 4(C)(5).

Again, the summons served on Wife did not contain a statement that if she failed to appear or otherwise respond, a decree could be entered without notice. Instead, the summons stated only that the final hearing may be held after sixty days from the date the petition was filed. Without a statement of the consequences, namely, that judgment could be entered without further notice should Wife fail to appear or otherwise respond, the summons did not satisfy due process or comply with the intent of Trial Rule 4(C)(5). Accordingly, the dissolution court did not obtain personal jurisdiction over Wife, and the dissolution decree is void as a matter of law. *See Grabowski*, 901 N.E.2d at 563.

■ Still, Husband maintains that the summons was sufficient to obtain personal jurisdiction over Wife under Trial Rule 4.15(F), a savings provision which states that no summons shall be set aside or be adjudged insufficient when it is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond. In support of that contention, Husband relies on this court's opinion in *J.H.*, 898 N.E.2d at 1265. But *J.H.* is distinguishable from this case.

In *J.H.*, the summons "listed the date and time of the termination trial and indicated the subject matter at issue was the termination of Father's parent-child relationship with J.H." *Id.* at 1271. Here, however, the summons did not notify Wife of the date of the final dissolution hearing. And, again, the summons merely stated that Wife "may file a response to the Petition prior to submission of the Petition at final hearing which may be tried or

heard after the expiration of sixty (60) days from the date of filing of the Petition for Dissolution[.]" Appellant's App. at 40. In other words, the summons stated that a response, if any, was due prior to the final hearing at some indefinite point in the future beyond sixty days, which was an illusory deadline. The holding in *J.H.* is inapposite.

■ Moreover, Trial Rule 4.15(F) is meant to "excuse[ ] minor, technical defects in the method of service where actual service has been accomplished." *Munster v. Groce*, 829 N.E.2d 52, 64 (Ind.Ct.App. 2005). That rule applies equally to challenges to the process or summons itself. *See* T.R. 4.15(F). But, as with Trial Rule 4(C)(5), Trial Rule 4.15(F) does not fully contemplate circumstances in which no responsive pleading is required and where, as here, Wife need only have appeared at the final hearing to avoid default. But, again, the summons did not inform Wife that default judgment could be entered against her if she failed to appear. And the summons may have led Wife to reasonably conclude that she need not appear in order to be notified of the final hearing date. Thus, we cannot say that the defect in Wife's summons was a merely technical one. *See Munster*, 829 N.E.2d at 64. We conclude that the summons was also insufficient under Trial Rule 4.15(F).

In sum, we hold that the summons served on Wife neither complied with Trial Rule 4(C)(5) nor satisfied the Due Process Clause of the Fourteenth Amendment. While Wife did not appear or respond, the entry of default judgment against her was error in that the summons did not inform her of the risk of default for failure to appear or otherwise respond. We reverse the dissolution court's entry of the dissolution decree and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded for further proceedings.

DARDEN, J., and BAILEY, J., concur.