## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joshua A. Hinman
Olympia, Washington
Appellant Pro Se

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua A. Hinman,<br>*Appellant-Defendant,*<br><br>v.<br><br>Members Choice Federal Credit Union,<br>*Appellee-Plaintiff.* | April 19, 2016<br><br>Court of Appeals Case No.<br>53A01-1509-SC-1342<br><br>Appeal from the Monroe County Circuit Court<br><br>The Honorable Elizabeth Cure, Judge<br><br>Trial Court Cause No.<br>53C04-1303-SC-1211 |

**Altice, Judge.**

### Case Summary

[1] Members Choice Federal Credit Union (the Bank) filed a consumer debt collection action against Joshua A. Hinman in small claims court. The Bank obtained a default judgment against Hinman, which was subsequently set aside

due to insufficient service of process. The Bank then properly served Hinman, and the small claims court scheduled a collection hearing. The hearing was continued upon Hinman's request and eventually set for a contested hearing. Hinman failed to appear for the hearing, and a default judgment was entered against him in the amount of $1889.86, plus attorney fees of $500.00 and court costs. On appeal, Hinman proceeds pro se and raises a number of jurisdictional claims. He also challenges the award of attorney fees.

[2] We affirm in part and reverse in part.

## Facts & Procedural History

[3] On March 22, 2013, the Bank filed a notice of claim against Hinman in Monroe County Small Claims Court. Service was mailed to an incorrect address in Minnesota and signed by a David Larson, who is not otherwise connected to this case. The small claims court held a collection hearing on May 14, 2013, and entered a default judgment against Hinman.

[4] On June 20, 2013, the Bank initiated proceedings supplemental. Unable to perfect service, the action was cancelled. The case was reopened by the Bank on October 10, 2014, and Hinman was properly served at his current address in Olympia, Washington.[1] On January 16, 2015, the small claims court received correspondence from Hinman, which the court treated as a motion to set aside

---

[1] Hinman moved from Indiana to Minnesota in 2011 and then to Washington in 2014.

default judgment. The small claims court set the motion for hearing and directed Hinman that he could appear by telephone.

[5] After two continuances, on April 2, 2015, the court held a hearing on Hinman's motion. Hinman appeared telephonically, and the Bank did not dispute his claim of insufficient service of process. Accordingly, the court set aside the default judgment. The court verified Hinman's current address and then indicated that Hinman would be properly served and a new hearing set.

[6] Before the hearing concluded, the court ordered the Bank to make sure to provide Hinman with proof of the debt. The Bank's counsel asked permission to "inquire a little bit" and proceeded to ask Hinman whether he had voluntarily surrendered the vehicle back to the Bank. *Transcript from April 2015 Hearing* at 8. Hinman stated that he could not recall specifically but assumed he had. The Bank's counsel responded, "what I'm going to send out to you is called a Validation of Debt under the Fair Debt Collection Practices Act and so then I'll have some documentation with respect to the debt, uh, you'll have that within about fifteen (15) days". *Id*. at 8-9. Counsel then told Hinman to feel free to call counsel to try to work something out before the hearing if he desired.

[7] On April 7, 2015, the Bank reopened the case by filing a notice of claim against Hinman. This time, Hinman received proper notice and filed for a continuance, which was granted. The small claims court rescheduled the hearing for August 4, 2015. Upon the Bank's motion, the matter was reset for a contested hearing on August 6, 2015. When Hinman failed to appear for the

hearing, the Bank presented brief testimony from Stephanie Lake, the collection officer for the Bank, regarding the debt. The small claims court entered a default judgment against Hinman in the amount of $1889.86, plus attorney fees of $500.00 and court costs. Hinman now appeals.

## Discussion & Decision

We initially observe that the Bank has not filed an appellate brief. Accordingly, we will not undertake the burden of developing arguments for the Bank. *See Maser v. Hicks,* 809 N.E.2d 429, 432 (Ind. Ct. App. 2004). When an appellee does not file a brief, we apply a less stringent standard of review and may reverse when the appellant establishes prima facie error. *Id.* "'Prima facie' is defined as 'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Parkhurst v. Van Winkle,* 786 N.E.2d 1159, 1160 (Ind. Ct. App. 2003)).

## Jurisdiction

The main thrust of Hinman's appellate argument is that the small claims court erred by not immediately dismissing the case for lack of personal jurisdiction once insufficient service of process was found. He contends the Bank should not have been allowed to cure its insufficient service, and there should have been no further inquiries during the April 15 hearing.

Hinman correctly observes that insufficient service of process deprives a trial court from having personal jurisdiction over a defendant. *See Cotton v. Cotton*, 942 N.E.2d 161, 164 (Ind. Ct. App. 2011). "A judgment rendered without

personal jurisdiction over a defendant violates due process and is void." *Id*. Recognizing this well-established rule of law, the trial court set aside the default judgment entered against Hinman in May 2013. The propriety of this ruling is not in dispute.

[11] Citing no relevant authority, Hinman asserts that after setting aside the default judgment, the small claims court had "no jurisdictional or judicial authority to delve into the merits of the case, and certainly no basis to begin preparation for re-service and re-trial." *Appellant's Brief* at 12. Hinman continues in part:

> It was reversible error to allow the [Bank] to merely cure the insufficient service and maintain an eye on what the Court had already determined as an eventual future hearing. The Court swept this procedural violation under the rug and thereby treated service of process as a minor speed bump, not a constitutional barricade.
>
> It was also wholly improper for the Court to conduct a background check on [Hinman] at the erred party's benefit. The Court treated improper service as equivalent to a clerical or administrative mistake that should have little or no bearing, and appeared to have an interest in ensuring the [Bank] had all the information necessary to now properly serve [Hinman].

*Id*.

[12] We observe initially that the small claims court did not treat the lack of service as a minor speed bump. Rather, as required, it set aside the default judgment because the judgment was void for lack of service. Hinman provides no authority for his proposition that the court – a small claims court – was required

to dismiss the entire action at that point and refrain from helping to ensure that Hinman receive proper service.

[13] Pro se appellants are bound by the Ind. Rules of Appellate Procedure, and alleged errors are waived where noncompliance with the rules is so substantial it impedes our appellate consideration of the errors. *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App 2014), *trans. denied*. "We will not consider an assertion on appeal when there is not cogent argument supported by authority and references to the record as required by the rules." *Id*. *See also* Ind. Appellate Rule 46(A)(8)(a). Nor will we become an advocate for an appellant or address arguments that are too poorly developed or expressed to be understood. *Perry*, 25 N.E.3d at 105 n.1. Because Hinman does not support his ultimate argument with any relevant authority, we find it waived.[2]

[14] Moreover, we observe that Hinman did not object at the April 2015 hearing when the court inquired about his current address and employment or when the

---

[2] In addition to his personal jurisdiction argument, Hinman claims that the small claims court lacked subject matter jurisdiction "the moment a consumer debt collection action was filed against an out-of-state defendant." *Appellant's Brief* at 14. He also asserts that "telephonic appearances should be outside the [subject matter jurisdiction] of Small Claims for the fairness of all parties". *Id*. at 15. Clearly, Hinman does not understand the concept of subject matter jurisdiction, and we do not endeavor to enlighten him here. His argument is not supported by relevant authority or cogent argument and is, therefore, waived.

Similarly, Hinman asserts in passing that the court lacked personal jurisdiction over him because "an out-of-state defendant with no current ties to the forum state cannot reasonably be expected to be hailed into a foreign state's small claims court." *Id*. at 17. He did not raise this argument at the April 2015 hearing or present any evidence in support. *See LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006) ("personal jurisdiction turns on facts, typically the contacts of the defendant with the forum"). Nor does he present any significant argument on appeal or even cite Indiana's long-arm provision, Ind. Trial Rule 4.4(A).

Bank was permitted to briefly question him. Nor did Hinman object when the court indicated that the matter would "get straightened out" with Hinman being properly served and a new hearing set. *Transcript from April 2015 Hearing* at 9. Accordingly, Hinman cannot now be heard to complain.

[15] Other than setting aside the default judgment, the small claims court entered no other judgment and held no additional hearings until after Hinman was properly served, at which point the court acquired personal jurisdiction over him. Hinman has failed to establish reversible error in this regard.

### Attorney Fees

[16] Hinman also contends that the small claims court erred by awarding the Bank attorney fees. Noting the American rule, he observes that the Bank offered no legal justification at the August 2015 hearing for the award of attorney fees.

[17] Indiana has consistently followed the American rule. That is, "in the absence of statutory authority or an agreement between the parties to the contrary – or an equitable exception – a prevailing party has no right to recover attorney fees from the opposition." *Loparex, LLC v. MPI Release Techs., LLC*, 964 N.E.2d 806, 816 (Ind. 2012) (footnote omitted).

[18] In this case, the Bank requested attorney fees at the conclusion of the August 2015 hearing. When the court asked the basis for the request, the Bank responded, "[b]ecause this is the third hearing." *Transcript from August 2015 Hearing* at 6. The court then indicated, "[t]hat's right he has made it a long

involved process and he had a right to question things." *Id*. Despite observing Hinman's right to challenge the first default judgment, the court granted the Bank's request for attorney fees.

[19] The Bank asserted no contractual right to attorney fees at the hearing. Rather, it appears to have based its request on the obdurate behavior exception codified in Ind. Code § 34-52-1-1(b). *See also Loparex*, 964 N.E.2d at 816 n.5. This statutory exception provides, in relevant part, that the court may award attorney fees to the prevailing party in a civil action if the court finds that the losing party "litigated the action in bad faith." I.C. § 34-52-1-1(b)(3). To constitute bad faith in this regard, the conduct must be vexatious and oppressive in the extreme. *Techna-Fit, Inc. v. Fluid Transfer Prods., Inc.*, 45 N.E.3d 399, 417 (Ind. Ct. App. 2015).

[20] The record does not support a finding of bad faith. The original default judgment was void for lack of personal jurisdiction due to insufficient service of process. Hinman had every right to challenge that void judgment at the second hearing, which resulted in the judgment being set aside. Consequently, a third hearing – or first hearing after proper service – was necessary.

[21] We reiterate that because the Bank did not file an appellee's brief, Hinman is required to present only a prima facie case that the small claims court erred. *See Norris v. Pers. Fin.*, 957 N.E.2d 1002, 1009 (Ind. Ct. App. 2011). He has done so with respect to the award of attorney fees, and therefore we reverse that portion of the judgment.

Judgment affirmed in part and reversed in part.

Robb, J. and Barnes, J., concur.