Jasper HAMMONS, Jr., and Stella Hammons, Appellants–Petitioners,

v.

Cassandra JENKINS–GRIFFITH, Appellee–Respondent.

No. 67A01–0104–JV–145.

Court of Appeals of Indiana.

March 13, 2002.

Gail E. Bradley, Jr., Greencastle, IN, Attorney for Appellants.

John R. McKay, Hickam & Lorenz, Spencer, IN, Attorney for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Jasper Hammons, Jr. and Stella Hammons ("Great–Grandparents") petitioned the trial court to modify its order addressing the support and custody of their great-grandchild, S.E.B. They requested in their petition "the right to regular visitation with [S.E.B.]" (App. at 25.) The trial court dismissed the petition. On appeal, they raise two issues, which we restate as whether the trial court erred in dismissing their Petition to Modify, given their long-term relationship with S.E.B., and whether the trial court erred in dismissing their Petition to Modify without a hearing.

We affirm.

## FACTS AND PROCEDURAL HISTORY

S.E.B. was born on November 2, 1993. A paternity action was filed, and on February 3, 1994, paternity was established. On November 16, 1995, the Great–Grandparents were appointed as guardians and given custody of S.E.B. That guardianship was terminated on March 19, 1997, and custody of S.E.B. was given to her mother, C.G. ("Mother"). In an Order filed on that date in the paternity action, the trial court stated:

> 8. The Court *RECOMMENDS* the following visitation schedule for visitation between the minor child and the former guardians, Jasper and Stella Hammons:
>
> a. Two weeks of visitation during the summer. Mr. and Mrs. Hammons should give the natural mother at least thirty (30) days notice of the dates in which they exercise this visitation.
>
> b. Alternating weekends, beginning March 8, 1997, from 9:00 o'clock a.m. on Saturday until 6:00 o'clock p.m. on Sunday.

(App. at 16.) (Emphasis in original.)

On May 22, 1998, Great–Grandparents filed a Petition to Modify in the paternity case. They asserted that Mother had not been allowing them the recommended visitation and they requested that the trial court order "a visitation schedule similar to that of a natural parent in Indiana dissolution cases, since the natural father ... does not exercise his visitation rights with [S.E.B.]." (App. at 25.)

No further action was taken until the Great–Grandparents requested that a hearing be set on their Petition. That hearing was scheduled for March 13, 2001. On February 2, 2001, Mother filed a Motion to Dismiss the Petition to Modify. On February 28, 2001, the trial court dismissed the Petition to Modify without a hearing.

## DISCUSSION AND DECISION

■ A Rule 12(B)(6) motion to dismiss tests the legal sufficiency of the complaint. When reviewing a 12(B)(6) motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party and we draw every reasonable inference in favor of that party. We will affirm a successful T.R. 12(B)(6) motion when a complaint states a set of facts that, even if true, would not support the relief requested in that complaint. Further, we will affirm the trial court's grant of a motion to dismiss if it is sustainable on any theory or basis found in the record. *Right Reason Publications v. Silva*, 691 N.E.2d 1347, 1349 (Ind.Ct.App.1998).

Initially, we note that the trial court's Order of March 19, 1997, did not order visitation to the Great–Grandparents—it only recommended that such visitation take place. The Great–Grandparents' Petition to Modify essentially requested that the trial court change its recommended visitation to court-ordered visitation.

■ The trial court was correct when it dismissed the Great–Grandparents' Petition to Modify. Indiana Code § 31–17–5–1 *et seq.*, ("the Grandparent Visitation Statute"), applies only to requests for visitation made by grandparents. The specific inclusion of one entity usually precludes the implication of another entity's inclusion in the same statutory provision. So, when certain items or words are specified or enumerated in a statute, other items or words not so specified or enumerated are, by implication, excluded. *JKB, Sr. v. Armour Pharmaceutical Co.*, 660 N.E.2d 602, 605 (Ind.Ct.App.1996). The Great–Grandparents acknowledged in their petition that "they are not a[sic] parent or grandparent," (App. at 25), and we decline

to expand the plain meaning of the statute by including great-grandparents as "grandparents" [1] for purposes of the application of the Grandparent Visitation Statute.

 Even if great-grandparents were considered as grandparents under the Grandparent Visitation Statute, it is clear that Great–Grandparents did not comply with Ind.Code § 31–17–5–3. That section provides that "[a] proceeding for grandparent's visitation must be commenced by the filing of a petition entitled, 'In Re the visitation of _____,'" and the petition must set forth the "names and relationship of ... the petitioning grandparent or grandparents." The term "must" is mandatory language; the Great–Grandparents' Petition to Modify therefore was not in compliance with the statute.

We are not without sympathy for Great–Grandparents, who had official custody of their great-granddaughter for approximately sixteen months, and apparently had unofficial custody for much longer. However, we are bound by the plain language of the Grandparent Visitation Statute. Accordingly, we affirm the trial court's dismissal of Great–Grandparents' Petition to Modify.

BAKER and NAJAM, JJ., concur.

---

1. The title that includes the Grandparent Visitation Statute does not define "grandparent."