Patricia PARKHURST, Appellant–
Petitioner,

v.

Lanny VAN WINKLE, Appellee–
Respondent.

No. 89A01–0212–CV–501.

Court of Appeals of Indiana.

April 24, 2003.

E. Thomas Kemp, Richmond, IN, Attorney for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Patricia Parkhurst appeals the dismissal of her Petition for Order for Protection and presents the following issue for review: whether the trial court erred as a matter of law when it determined that she lacked standing to seek a protection order under the Indiana Civil Protection Order Act, (hereinafter "CPOA"), Indiana Code Section 34–26–5–1 *et seq.*

We reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On July 11, 2002, Parkhurst filed a petition seeking a protection order against Lanny Van Winkle. The parties appeared for an evidentiary hearing on October 16, 2002. At that hearing, Parkhurst moved to amend her petition to assert that Van Winkle had committed the offense of stalking against her. The trial court granted Parkhurst's motion over Van Winkle's objection. Van Winkle then asserted that Parkhurst lacked standing to file her peti-

tion, even as amended, because she was not "a victim of domestic or family violence" as required by Indiana Code Section 34–26–5–2. The trial court noted what it perceived as "problems and inconsistencies" within the protection order statute and agreed with Van Winkle. The court dismissed Parkhurst's petition for lack of standing, and this appeal ensued.

## DISCUSSION AND DECISION

■ Parkhurst asserts that the trial court erred when it dismissed her petition for lack of standing. In particular, she contends that the court misinterpreted CPOA when it concluded that a person who is not a household or family member of the alleged respondent lacks standing to petition for a protection order, even where that person claims the respondent has committed the offense of stalking against her.

■ We note that Van Winkle has not filed an appellee's brief. Accordingly, we do not undertake the burden of developing arguments for the appellee, as that duty remains with the appellee. *Railing v. Hawkins,* 746 N.E.2d 980, 982 (Ind.Ct. App.2001). Normally when the appellee does not file a brief, we apply a less stringent standard of review and may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell,* 484 N.E.2d 989, 991 (Ind.Ct.App.1985)). Still, where, as here, the sole issue presented is the interpretation of a statute, we review the trial court's legal conclusions de novo. *See Wayne Metal Prods. Co., Inc. v. Indiana Dept. of Envtl. Mgmt.,* 721 N.E.2d 316, 317 (Ind.Ct. App.1999) (stating trial court's interpreta-

tion of statute is question of law and entitled to no deference on appeal), *trans. denied.*

As our supreme court recently stated in *Turley v. Hyten,* 772 N.E.2d 993, 997 (Ind. 2002):

> The very first step in statutory interpretation is to determine whether the legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Clear and unambiguous statutory meaning leaves no room for judicial construction.

(Citations and quotations omitted).

Our legislature has dictated that CPOA shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence. Ind.Code § 34–26–5–1. Indiana Code Section 34–26–5–2 establishes who may seek a protection order under the Act and provides in relevant part:

> (a) A person who is or has been *a victim of domestic or family violence* may file a petition for an order of protection against a:
>
> (1) family or household member who commits an act of domestic or family violence; or
>
> (2) person who has committed stalking under IC 35–45–10–5 or a sex offense under IC 35–42–4 against the petitioner.

(Emphasis added).

Van Winkle is neither a family nor a household member of Parkhurst.[1] Accord-

1. "Family or household member" is defined as:

ingly, Parkhurst concedes that she does not qualify to seek a protection order under subsection (a)(1) of the statute. Nevertheless, she asserts that because she is a victim of domestic or family violence, as that phrase is defined under Indiana Code Section 34–6–2–34.5, and seeks protection against a person who has committed stalking against her, she has standing to file a petition under subsection (a)(2) of the Act. We must agree.

"Domestic or family violence" means:

[E]xcept for an act of self-defense, the occurrence of at least one (1) of the following acts committed by a family member or household member:

(1) Attempting to cause, threatening to cause, or causing physical harm to another family or household member.

(2) Placing a family or household member in fear of physical harm.

(3) Causing a family or household member to involuntarily engage in sexual activity by force, threat of force, or duress.

*For purposes of IC 34–26–5, domestic and family violence also includes stalk-ing (as defined in IC 35–45–10–1) or a sex offense under IC 35–42–4.*

Ind.Code § 34–6–4–34.5 (emphasis added). The definition of "domestic and family violence" is clear and unambiguous. First, the enumerated acts set forth in subsections (1) through (3) must be committed *by a family or household member* to qualify as "domestic or family violence." But the statute separately references CPOA and provides that, for purposes of that Act, "domestic and family violence" also includes stalking.[2] There is no requirement that the alleged stalking be committed by a family or household member. If the legislature had intended to limit its definition of "domestic and family violence" to acts *only* committed by family or household members, it could have expressed that intention with reference to stalking and sex offenses. Instead, as we have stated, the statutory definition separates acts of stalking and sex offenses from the other acts enumerated therein, and for purposes of CPOA, stalking and sex offenses need not be committed by a family or household member to constitute "domestic or family violence."

We agree with the trial court that, looking solely at the language of Indiana Code

(1) a person who is a current or former spouse;
(2) a person who is dating or has dated;
(3) a person who is engaged or was engaged in a sexual relationship;
(4) a person who is related by blood or adoption;
(5) a person who is related or was related by marriage
(6) a person who has an established legal relationship or previously established a legal relationship;
  (A) as a guardian;
  (B) as a ward;
  (C) as a custodian;
  (D) as a foster parent;
  (E) in a capacity similar to those listed in clauses (A) through (D);
(7) a person who has a child in common; and

(8) a minor child of a person in a relationship described in subdivisions (1) through (7).
Ind.Code § 34–6–2–44.8.

**2.** "Stalking" is defined in relevant part as "a knowing or intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened." Ind.Code § 35–45–10–1. A person who stalks another person commits stalking, a Class D felony. Ind.Code § 35–45–10–5. But the offense is a Class C felony if a person commits stalking against a victim, after a court has issued a protection order under Indiana Code Section 34–26–5 to protect that same victim from the person. *See* I.C. § 35–45–10–5(b)(2)(D).

Section 34–26–5–2, it is difficult to discern how a person who alleges she is being stalked by someone other than a family or household member could be a victim of "domestic" or "family" violence. But for purposes of CPOA, our legislature has defined "domestic and family violence" to include stalking, regardless of whether the alleged stalker is a stranger, or a family or household member of the victim. I.C. § 34–6–4–34.5.[3] Here, Parkhurst amended her petition to allege that she was the victim of stalking. Given the unambiguous definition of "domestic and family violence," she meets the requirements to seek a protection order under Indiana Code Section 34–26–5–2(a)(2). We conclude that the trial court erred as a matter of law when it determined that Parkhurst lacked standing to seek a protection order and, accordingly, reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

DARDEN and VAIDIK, JJ., concur.

---

3. We note that the Indiana Judicial System website provides an excellent resource for persons with questions about protection orders, no contact orders, and workplace vio- lence restraining orders. *See* "Protection Orders, No Contact Orders, and Workplace Restraining Order Statutes," *available at* http://www.in.gov/judiciary/forms/po/faq.html.