**Mark MASER and Krystal Maser, by Mark Maser as Next Friend, Appellants–Petitioners,**

v.

**Hance HICKS, Appellee–Respondent.**

**No. 57A03–0401–CV–47.**

Court of Appeals of Indiana.

June 2, 2004.

William Joseph Carlin, Jr., Kruse & Kruse, Auburn, IN, Attorney for Appellant.

## OPINION

SHARPNACK, Judge.

Mark Maser ("Father") and his daughter, K.M., appeal from the trial court's order granting grandparent visitation to K.M.'s maternal step-grandfather, Hance Hicks ("Step–Grandfather"). Father raises three issues, one of which we find dispositive and restate as, whether the trial court's order granting Step–Grandfather visitation with K.M. is clearly erroneous because Step–Grandfather lacked standing as a "grandparent" under the Grandparent Visitation Act[1] to petition for grandparent visitation rights.[2] We reverse and remand.

---

1. Ind.Code § 31–17–5–1 to –10 (1998).

2. Father raises two additional issues: (1) whether the trial court erred by denying Father's motion to dismiss Step–Grandfather's petition for grandparent visitation based upon Step–Grandfather's failure to conform to the statutory provision that requires a grandparent visitation petition to be in a mandatory format; and (2) whether the trial court erred by failing to apply the presumption that a fit parent's decision regarding visitation is in the best interests of the child. Because we find that the trial court's order was clearly errone-

The relevant facts follow. Father and Deborah Clingerman ("Mother") were married, had K.M., born on September 6, 1993, and divorced in December 1995, at which time Mother was granted custody of K.M. Step–Grandfather is Mother's stepfather. Mother died in September 2003, and after Mother's death, K.M. lived with Step–Grandfather. In October 2003, Father sought and gained custody of K.M. Step–Grandfather then petitioned for grandparent visitation. Father filed a motion to dismiss Step–Grandfather's petition arguing, among other things, that Step–Grandfather lacked standing as a "grandparent" to seek grandparent visitation rights. The trial court held a hearing on Step–Grandfather's petition and issued an order granting grandparent visitation rights to Step–Grandfather. The trial court's order provided:

1. [Step–Grandfather] has provided love and care for his step-granddaughter throughout her life and a deep bond has formed between them. [Step–Grandfather] is the only surviving link to the maternal side of [K.M.'s] family[,] and it is in [K.M.'s] best interest to preserve a relationship.

2. [Father] agrees that contact between [K.M.] and [Step–Grandfather] is beneficial, but does not wish to have Court[-]ordered visits.

3. The Court has some concern that absent an order, such visits will not be afforded to [Step–Grandfather] by [Father].

4. It is the Court's opinion that one monthly overnight visit, from either 6:00 p.m. on a Friday or Saturday until 6:00 p.m. on the following day would be beneficial to [K.M.] and in her best interest, following the stress of the loss of her mother and her relocation to Ossian.

5. At this time the Court will permit [Father] to select the monthly overnight visit, so that he may maintain parental control as requested. However, should visits not be granted, the Court will specify visits and dates.

6. Telephone contact between [K.M.] and [Step–Grandfather] shall continue, as agreed between the parties in open Court.

7. Court finds this to be a legitimate action involving the best interest of the child and does not award fees to either attorney.

Appellant's Appendix at 3–4. Father filed a motion to stay the trial court's order, and the trial court granted Father's motion.

■ The sole issue is whether the trial court's order granting Step–Grandfather visitation with K.M. is clearly erroneous because Step–Grandfather lacked standing as a "grandparent" under the Grandparent Visitation Act to petition for grandparent visitation rights. On review of a trial court's order granting or denying grandparent visitation, we apply Ind. Trial Rule 52, which provides that we may not set aside the findings or judgment unless clearly erroneous. *Woodruff v. Klein*, 762 N.E.2d 223, 226 (Ind.Ct.App.2002), *trans. denied.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind.1997). A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm

ous based on other reasons, we need not address these two issues.

conviction that a mistake has been made. *Id.*

■■■ We note that Step–Grandfather has not filed an appellee's brief. Accordingly, we do not undertake the burden of developing arguments for the appellee because that is appellee's duty. *Parkhurst v. Van Winkle,* 786 N.E.2d 1159, 1160 (Ind. Ct.App.2003). Normally, when the appellee does not file a brief, we apply a less stringent standard of review and may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (citations omitted). However, where, as here, the sole issue presented is the interpretation of a statute, we review the trial court's legal conclusions de novo. *Id.* (stating trial court's interpretation of statute is question of law and entitled to no deference on appeal).

■■■ Father argues that the trial court's order granting Step–Grandfather visitation with K.M. is clearly erroneous because Step–Grandfather is not a "grandparent" under the Grandparent Visitation Act and, thus, is not entitled to seek visitation rights with K.M. In order to seek visitation rights with grandchildren, grandparents must have standing to seek those rights under the Grandparent Visitation Act. *In re J.D.G.,* 756 N.E.2d 509, 511 (Ind.Ct.App.2001). Standing refers to whether a party has an actual demonstrable injury for purposes of a lawsuit. *Id.* The main purpose of standing is to insure that the party before the court has a substantive right to enforce the claim being made. *Id.* If grandparents lack standing, their petition must be denied as a matter of law. *Id.*

■■■ The Grandparent Visitation Act was enacted in derogation of the common law and, therefore, must be strictly con-

strued. *In re J.P.H.,* 709 N.E.2d 44, 47 (Ind.Ct.App.1999). The cardinal rule of statutory construction is to determine and give effect to the true intent of the legislature. *Essany v. Bower,* 790 N.E.2d 148, 151 (Ind.Ct.App.2003). To do this, we endeavor to give statutory words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Id.* Where the legislature has defined a word, we are bound by that definition, even if it conflicts with the common meaning of the word. *Id.*

■■■ Ind.Code § 31–17–5–1 (1998) governs grandparent visitation rights and provides that:

(a) A child's grandparent may seek visitation rights if:

(1) the child's parent is deceased;

(2) the marriage of the child's parents has been dissolved in Indiana; or

(3) subject to subsection (b), the child was born out of wedlock.

(b) A court may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock under subsection (a)(3) if the child's father has not established paternity in relation to the child.

For purposes of the Grandparent Visitation Act, Ind.Code § 31–9–2–77 (1998) defines "maternal or paternal grandparent" as including: "(1) the adoptive parent of the child's parent; (2) the parent of the child's adoptive parent; and (3) the parent of the child's parent."

■■■ Here, Step–Grandfather is the step-father of K.M.'s mother; thus, he does not fit into any of the categories in the statutory definition of a grandparent entitled to petition for grandparent visitation rights. *See* I.C. § 31–9–2–77; *Hammons v. Jenkins–Griffith,* 764 N.E.2d 303, 305 (Ind.Ct.App.2002) (finding that when certain items or words are specified or

enumerated in a statute, other items or words not so specified or enumerated are, by implication, excluded). The Grandparent Visitation Act applies only to requests for visitation made by grandparents. *Hammons,* 764 N.E.2d at 305. We decline to expand the plain meaning of the statute by including step-grandparents as "grandparents" for purposes of the application of the Grandparent Visitation Act. Because he is not a "grandparent" as defined by I.C. § 31–9–2–77, Step–Grandfather did not have standing under the Grandparent Visitation Act to petition for grandparent visitation rights with K.M. Therefore, the trial court's order granting Step–Grandfather grandparent visitation rights with K.M. is clearly erroneous. *See, e.g., Hammons,* 764 N.E.2d at 305–306 (holding that great-grandparents were not entitled to petition for grandparent visitation rights because Grandparent Visitation Act applied only to "grandparents").

For the forgoing reasons, we reverse the judgment of the trial court awarding grandparent visitation rights to Step–Grandfather.

Reversed and remanded.

DARDEN, J. and ROBB, J. concur.