Timothy A. JACKS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 89A05–0601–CR–34.

Court of Appeals of Indiana.

Sept. 6, 2006.

John L. Tompkins, Brown Tompkins & Lory, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

**MATHIAS, Judge.**

Timothy Jacks ("Jacks") was convicted in Wayne Superior Court of Class A misdemeanor operating a motor vehicle while intoxicated and sentenced to serve ninety days with eighty-six days suspended. Jacks appeals, raising the issue of whether his refusal to submit to a chemical test was improperly admitted into evidence at trial as the officer had not informed him that such a refusal could be used against him in a criminal prosecution. We affirm.

### Facts and Procedural History

On May 14, 2005, State Trooper Kelly McPheeters ("Trooper McPheeters") observed Jacks driving 73 miles per hour in a 65 mile per hour zone on I–70. He testified that Jacks was driving in the passing lane and weaving back and forth across both the solid yellow line on his left and the dotted white line on his right. Tr. pp. 5–7. After Trooper McPheeters initiated a traffic stop, he observed that Jacks's eyes were glassy and bloodshot, that he smelled of alcohol, and that his speech was slurred. Tr. pp. 10, 23. During the stop, he also saw two empty beer cans on the passenger-side floorboard and two empty beer cans on the driver's side floorboard. Tr. pp. 10, 26. Jacks told Trooper McPheeters that he had drunk four beers and had just taken a drink five minutes before he was pulled over. Tr. p. 11. Trooper McPheeters then administered two field sobriety tests. Jacks failed the one-leg stand test as well as the walk-and-turn test. Tr. pp. 15–21. Trooper McPheeters administered two portable breathalyzer tests to Jacks. Tr. 24. Trooper McPheeters then read Jacks the standard implied consent advisement, stating:

> I have probable cause to believe that you have operated a vehicle while intoxicated. I must offer you the opportunity to submit to a chemical test and inform you that your refusal to submit to a chemical test will result in a suspension

of driving privileges for one year, will you take the test?

Tr. p. 23.

Jacks refused to submit to the chemical test and was transported to the Wayne County Jail. Jacks was again read the implied consent advisement, and again he refused to submit to a chemical test.

On May 18, 2005, the State charged Jacks with Class A misdemeanor operating a motor vehicle while intoxicated in a manner that endangers a person. Appellant's App. p. 6. On July 13, 2005, Jacks filed a verified petition for judicial review of his refusal of the chemical test. The trial court conducted a hearing on that petition on August 4, 2005. Jacks argued that he was improperly advised of the consequences of refusing to submit to a chemical test, and therefore his refusal was invalid and should not be submitted into evidence in his criminal prosecution. The trial court denied Jacks's petition in an order issued on August 9, 2005, and the evidence of his refusal was admitted into evidence. The trial court conducted a bench trial on November 9, 2005. Jacks was found guilty of operating a motor vehicle while intoxicated and sentenced to ninety days in jail with eighty-six of those days suspended. Jacks now appeals.

### Discussion and Decision

On appeal, Jacks contends that the implied consent advisement did not adequately advise him of the consequences of refusing to submit to a chemical test. Specifically, he asserts that the advisement did not advise him that his refusal could be admitted into evidence in a criminal prosecution.

In support of this argument, Jacks relies on Indiana Code section 9–30–6–3(b) (2004) and Indiana Code Section 9–30–6–7 (2004). Indiana Code section 9–30–6–3(b) permits a person's refusal to submit to a chemical test to be admitted into evidence in a criminal prosecution. Indiana Code section 9–30–6–7 (2004) provides that an arresting officer shall inform the person that refusal will result in the suspension of the person's driving privileges.

The admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Barrett v. State*, 837 N.E.2d 1022, 1026 (Ind.Ct.App.2005), *trans. denied.* However, interpretation of a statute is a matter of law which we review de novo. *Maser v. Hicks*, 809 N.E.2d 429, 432 (2004). The cardinal rule of statutory construction is to determine and give effect to the true intent of the legislature. *Id.* To do this we interpret the statute according to the ordinary and plain meaning of the language used, absent a clearly manifested purpose to do otherwise. *Id.*

The plain and unequivocal language of Indiana Code section 9–30–6–7 (2004) states that a person only need be advised that refusing to submit to a chemical test will result in suspension of his or her driving privileges. Furthermore, the text of Indiana Code section 9–30–6–3(b) does not provide any requirement that a suspected driver be advised that his refusal can be admitted into evidence in a criminal prosecution.

Suspects have no constitutional right to refuse a test designed to produce physical evidence in the form of a breath sample, as we noted in *Davis v. State*, 174 Ind.App. 433, 438, 367 N.E.2d 1163, 1167 (Ind.Ct. App.1977) (citing *People v. Sudduth*, 65 Cal.2d 543, 55 Cal.Rptr. 393, 421 P.2d 401, 403 (1966)). For this reason, the content of statutory advisements regarding the consequences of such a refusal will not, in most instances, be dispositive or of constitutional magnitude.

Under these facts and circumstances, we conclude that Jacks was not entitled to receive an advisement warning him that evidence of his refusal could be admitted in a criminal prosecution against him.[1] Therefore, the evidence of his refusal was properly admitted at trial.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.

---

1. Jacks does not raise a Fifth Amendment claim, but we observe that we have already held that the "5th amendment right against self-incrimination does not apply to the obtaining of non-communicative physical evidence." *Davis v. State,* 174 Ind.App. at 439, 367 N.E.2d at 1167.