909 N.E.2d 1026 (2009)
In re The VISITATION OF C.R.P.
B.M., Appellant-Petitioner,
v.
J.J.P., Appellee-Respondent.
No. 29A04-0812-JV-758.
Court of Appeals of Indiana.
July 20, 2009.
*1027 Holly J. Wanzer, Jocham Harden Dimick Jackson, P.C., Carmel, IN, Attorney for Appellant.
Jan K. Keefer, Karl L. Mulvaney, Bingham McHale LLP, Indianapolis, IN, Attorneys for Appellee.

OPINION
KIRSCH, Judge.
B.M., the paternal grandmother ("Grandmother"), appeals the trial court's dismissal of her Verified Petition for Grandparent Visitation for lack of standing under the Grandparent Visitation Act ("GVA").[1] We restate the issue as whether a paternal grandmother has standing to petition for visitation with her grandchild when the mother of the child is deceased and the father voluntarily terminated his parental rights.
We affirm.

FACTS AND PROCEDURAL HISTORY
In December 2008, C.R.P.'s father, J.J.P. ("Father"), pleaded guilty to manslaughter in the death of C.R.P.'s mother and was sentenced to twenty years in the Department of Correction. Father voluntarily terminated his parental rights to C.R.P. in January 2009, and the maternal aunt and uncle ("Adoptive Parents") adopted the child.
Prior to Father's guilty plea, Grandmother had filed her Verified Petition for Grandparent Visitation of C.R.P. under the GVA. Child services had already placed C.R.P. in the foster care of the Adoptive Parents. C.R.P. was also the subject of a simultaneous Child In Need of Services (CHINS) proceeding by the Adoptive Parents, seeking to adopt C.R.P. The parties moved for and the trial court granted the consolidation of both matters. The Adoptive Parents then challenged Grandmother's standing under the GVA. The trial *1028 court dismissed Grandmother's petition for lack of standing. Grandmother now appeals.

DISCUSSION AND DECISION
Grandmother asserts that the trial court erred when it dismissed her petition for lack of standing. In particular, she contends that the court misinterpreted the GVA when it concluded that the grandparent seeking visitation rights must be the parent of the child's deceased parent.
Statutory interpretation is exclusively the responsibility of the court. Sun Life Assur. Co. of Canada v. Ind. Dept. of Ins., 868 N.E.2d 50, 55 (Ind.Ct.App.2007). Where the resolution of the issue presented requires the interpretation of a statute, we review the trial court's decision de novo. Maser v. Hicks, 809 N.E.2d 429, 432 (Ind.Ct.App.2004) (citing Parkhurst v. Van Winkle, 786 N.E.2d 1159, 1160 (Ind. Ct.App.2003)).
Grandparents must have standing as prescribed under the GVA in order to seek visitation rights. Maser, 809 N.E.2d at 432 (citations omitted). The primary purpose of standing is to ensure that the party before the court has a substantive right to enforce the claim being made. In re J.D.G., 756 N.E.2d 509, 511 (Ind.Ct.App.2001). If the grandparent lacks standing, then the petition must be dismissed as a matter of law. Id.
The GVA was enacted in derogation of the common law and must be strictly construed. In re Visitation of J.P.H., 709 N.E.2d 44, 46 (Ind.Ct.App.1999). In construing a statute, statutes in pari materia should also be considered together to effectuate legislative intent. Horn v. Hendrickson, 824 N.E.2d 690, 698 (Ind.Ct. App.2005); In re Visitation of J.P.H., 709 N.E.2d at 46.
In pertinent part, Indiana Code section 31-17-5-1 provides that a child's grandparent may seek visitation rights if the child's parent is deceased. For the purposes of the GVA, Indiana Code section 31-9-2-77 defines a "maternal or paternal grandparent" as:
(1) the adoptive parent of the child's parent;
(2) the parent of the child's adoptive parent; and
(3) the parent of the child's parent.
As noted by the trial court, when read together, the statutes provide that a parent of the child's parent may seek visitation rights if the child's parent is deceased. The "child's parent" referred to in code section 31-17-5-1 is the same person as the "child's parent" referred to in code section 31-9-2-77. Therefore, the GVA confers standing only upon grandparents who are the parents of the deceased parent of the child. Here, Grandmother is not the parent of the child's deceased parent, and she does not have standing under the statute to seek visitation. The trial court did not err when it dismissed Grandmother's petition.
Affirmed.
RILEY, J., and MATHIAS, J., concur.
NOTES
[1] Ind.Code § 31-17-5