## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana



FILED
Mar 22 2016, 9:56 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Long,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 22, 2016

Court of Appeals Case No.
49A02-1509-CR-1346

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge
The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G08-1410-CM-049718

**Bradford, Judge.**

# Case Summary

On October 30, 2014, Appellant-Defendant Gregory Long was sitting in his pick-up truck, which was parked partially in the road such that it was blocking traffic. A passerby saw that Long and his passenger were unresponsive and appeared to be in trouble. The passerby called 911 and emergency responders arrived shortly thereafter. Police found an unloaded handgun in a holster lying on the driver's side floorboard. Appellee-Plaintiff the State of Indiana charged Long with Class A misdemeanor carrying a handgun without a license. A jury found Long guilty as charged and he was subsequently sentenced to a one-year term suspended to probation. On appeal, Long argues that he was in compliance with a statutory exception permitting him to transport a handgun without a license. We find that there was sufficient evidence to support Long's conviction. Affirmed.

# Facts and Procedural History

On October 30, 2014, witness Mark Campbell was driving near 16th street in Indianapolis when he saw a pick-up truck parked halfway in the street obstructing traffic. As Campbell pulled around the truck, he looked inside and saw two men in the vehicle who appeared to be "passed out" and "in trouble." Tr. pp. 37, 38. Campbell immediately parked, left his vehicle, and approached the truck. Campbell called 911 after he noticed that "the guy in the passenger seat was leaned all the way over onto the driver and he had some kind of foam type stuff coming out of his mouth." Tr. p. 39. Indianapolis Metropolitan

Police Officer Mark Hamner and EMTs arrived shortly thereafter and assisted the driver, Long, to the back of his truck and seated him on the tailgate.

[3] One of the medics signaled Officer Hamner to approach the driver side of the truck. The driver's door was open and Officer Hamner observed a handgun in a black holster on the floorboard of the driver's side of the truck. Officer Hamner testified that "the gun was positioned in a place that would be easily accessible to a driver." Tr. p. 48. Officer Hamner took possession of the firearm and found that it was unloaded. Long admitted that the gun was his and that he did not have a valid permit to carry a handgun on October 30, 2014. Long testified that he believed he was in compliance with an Indiana handgun law which permits the transportation of an unloaded handgun without a license under certain conditions.[1]

[4] Long was charged with Class A misdemeanor carrying a handgun without a license. The matter was tried by a jury on July 27, 2015, and Long was found guilty as charged. The trial court sentenced Long to one year suspended to probation.

# Discussion and Decision

[5] On appeal, Long argues that the manner in which he was transporting the handgun met the statutory exception to the license requirement and that there

---

[1] *See* Ind. Code § 35-47-2-1.

was insufficient evidence to prove otherwise. Long also argues that even if he did not meet the transportation exception requirements, he was reasonably mistaken about a fact that led him to believe he was in compliance with the law.

[6]    When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original).

[7]    The State did not file an appellee's brief. When a party does not file an appellate brief, we do not undertake the burden of developing arguments for the appellee. *Maser v. Hicks*, 809 N.E.2d 429, 432 (Ind. Ct. App. 2004). When an appellee does not file a brief, we apply a less stringent standard of review and

may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "'at first sight, on first appearance, or on the face of it.'" *Id.* (quoting *Parkhurst v. Van Winkle*, 786 N.E.2d 1159, 1160 (Ind. Ct. App. 2003)).

[8] Indiana Code section 35-47-2-1 provides, in relevant part, as follows:

> (a) Except as provided in subsections (b) and (c) and section 2 of this chapter, a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun.
>
> (b) Except as provided in subsection (c), a person may carry a handgun without being licensed under this chapter to carry a handgun if:
>
>> (1) the person carries the handgun on or about the person's body in or on property that is owned, leased, rented, or otherwise legally controlled by the person;
>>
>> * * *
>>
>> (3) the person carries the handgun in a vehicle…if the handgun is:
>>
>>> (A) unloaded;
>>>
>>> (B) not readily accessible; and
>>>
>>> (C) secured in a case[.]

[9] Long argues that his actions fell under the subsection (b)(3) exception. It is undisputed that the handgun was unloaded. However, there is evidence suggesting that the gun was readily accessible and that it was not secured in a case. Officer Hamner testified that the gun was on the floorboard of the driver's side of the truck and "was positioned in a place that would be easily accessible

to a driver." Tr. p. 48. Long testified that he placed the gun under the back seat but speculates that "it is quite likely the trucks [sic] awkward angle on the street may very well have shaken the gun loose from its earlier position" and onto the front floorboard. Appellant's Br. p. 10. However, the jury, as the finder of fact, was under no obligation to credit Long's self-serving testimony and apparently did not. *See Wood v. State*, 999 N.E.2d 1054, 1064 (Ind. Ct. App. 2013) (noting that the trier of fact is not required to believe a witness's testimony even when it is uncontradicted). We find that there was sufficient evidence for the jury to conclude that the gun was in a readily accessible location and, therefore, that Long's actions did not fall into the exception for unlicensed transportation of a firearm.

[10] Long also argues that he reasonably believed that the holster in which the gun was found was a "case" as is required by subsection (b)(3)(C) and that this honest mistake negates the culpability required for commission of the offense. However, we need not reach the merits of this novel argument. Even if we were to determine that a holster could be reasonably considered a "case" for the purposes of Indiana Code section 35-47-2-1, it would not warrant reversal of Long's conviction. Because the three requirements under subsection (b)(3) are written in the conjunctive, failing to meet any one requirement precludes invoking the exception. As we have already determined, there was sufficient evidence to conclude that the gun was readily accessible by Long. Therefore, whether Long can show he reasonably believed he was complying with the "case" requirement is irrelevant.

The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.