## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2016, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael L. Carmin
Gregory A. Bullman
Carmin Parker PC
Bloomington, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.G.,<br>*Appellant-Respondent,*<br><br>v.<br><br>R.G.,<br>*Appellee-Petitioner.* | September 29, 2016<br><br>Court of Appeals Case No.<br>53A01-1603-PO-570<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Douglas Van Winkle, Special Judge<br><br>Trial Court Cause No.<br>53C08-1508-PO-1534 |

**Bailey, Judge.**

# Case Summary

[1] D.G. appeals the deemed denial of a motion to correct error, which sought clarification of an order for the protection of R.G. D.G. presents a single, consolidated issue: whether the trial court abused its discretion in declining to narrow the scope of the protective order.[1] We affirm.

# Facts and Procedural History

[2] R.G. and his wife own residential property on Washington Street in Bloomington, Indiana. D.G. owns rental property next door to R.G.'s property.

[3] On August 18, 2015, R.G. filed a petition for an order of protection, naming D.G. as the respondent. R.G. alleged that he had been a victim of stalking by D.G.

[4] On December 16, 2015, the trial court conducted a hearing at which R.G. and D.G. testified and R.G. submitted into evidence security camera surveillance images and documentary exhibits. Evidence was introduced to show the

---

[1] D.G. concedes there was testimony to support the protective order and he does not claim that the protective order should be reversed. Rather, he filed a post-hearing "Motion for Clarification or, in the Alternative, Motion to Correct Errors," which was deemed denied. (App. at 22.) Additionally, D.G. articulates an issue concerning the deprivation of a claimed "constitutional right to access his own property" and, in a cursory manner, argues that the protective order amounts to "a taking without just compensation." Appellant's Br. at 13-14. D.G. did not raise this issue in his motion to correct error nor did he develop an appellate argument with citation to authority for the proposition that the issuance of a protective order may constitute a governmental taking without just compensation. We do not address the issue apart from D.G.'s claim that the protective order should be narrowed in scope.

following:  D.G. disapproved of vegetation growing in R.G.'s yard; D.G. erected a sign proclaiming "Prize Winning Weed PATCH approved by City of Bloomington," Pet. Ex. 8; D.G. engaged in a pattern of purported maintenance that involved blowing leaves with a gas-powered leaf blower several times daily beside the bedroom window of R.G.'s bed-ridden wife; D.G. would repeatedly make obscene gestures, yell, and honk his horn at R.G. and his wife; D.G. referred to R.G.'s wife as "a whore, slut, wetback, and God-damn woman," Tr. at 14; D.G. left animal excrement in plastic bags on R.G.'s property; D.G. left a note threatening to sue if police were called again; D.G. placed a mannequin with a bra and no panties outside R.G.'s bedroom window; D.G. took at least one sign from R.G.'s yard and broke its spine; D.G. vandalized plants from R.G.'s yard; D.G. taunted R.G.'s wife by saying "gun, gun"; D.G. employed workers who severed a power line serving an emergency medical alert system at R.G.'s home and then refused to cooperate with police in providing information; and D.G. was facing criminal charges in two cases relating to his conduct as to R.G. and R.G.'s wife.

[5]  After the presentation of evidence, the trial court issued an order of protection providing in Paragraph 4:  "The Respondent is ordered to stay away from the residence of the Petitioner."  (App. at 8.)  D.G. filed a motion for clarification or, alternatively, a motion to correct error.  He requested that Paragraph 4 be amended to provide that he must stay away from the residential property of R.G., but was not barred from his own rental property.  Pursuant to Indiana Trial Rule 53.3, the motion was deemed denied.  This appeal ensued.

# Discussion and Decision

[6]    Generally, we review the denial of a motion to correct error for an abuse of discretion. *Fox v. Bonam*, 45 N.E.3d 794, 797 (Ind. Ct. App. 2015). An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the trial court, or the trial court has misinterpreted the law. *Id.* at 798. Where, as here, no appellee's brief has been filed, we will reverse the trial court's judgment if the appellant presents a case of prima facie error. *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). Prima facie error is error at first sight, on first appearance, or on the face of it. *Id.* Where an appellant does not meet this burden, we will affirm. *Id.*

[7]    The Indiana Civil Protection Order Act ("the Act") is to be construed to promote the protection and safety of all victims of domestic violence and the prevention of future domestic violence. *Fox*, 45 N.E.3d at 798 (citing Ind. Code § 34-26-5-1). Pursuant to Indiana Code Section 34-6-2-34.5, domestic violence includes stalking as defined by Indiana Code Section 35-45-10-1: "a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened."

[8]    "Harassment" in turn is defined as "conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually

causes the victim to suffer emotional distress." I.C. § 35-45-10-2. For purposes of the Act, stalking need not be committed by a family or household member to constitute "domestic violence." *Parkhurst v. Van Winkle*, 786 N.E.2d 1159, 1161 (Ind. Ct. App. 2003).

[9] Indiana Code Section 34-26-5-9 provides that, upon a showing of domestic violence "by a preponderance of the evidence, the court shall grant relief necessary to bring about a cessation of the violence or the threat of violence." Protective orders are similar to injunctions, and thus the trial court must make special findings of fact and conclusions thereon. *Fox*, 45 N.E.3d at 798. We disturb the order only where there is no evidence supporting the findings or when the findings do not support the order. *Id.* D.G. does not contest the trial court's findings or the conclusion that he stalked R.G. Rather, he claims that the restriction imposed by the trial court is excessive and interferes with his right to conduct maintenance on his rental property.

[10] According to D.G., he should have free access to his own rental property so long as he does not transverse R.G.'s property. D.G. argues that the protective order is overbroad because "the evidence at trial established that D.G. personally manages his property and performs the mowing, maintenance, and upkeep thereon" and he should be not be prohibited from accessing his property for "legitimate purposes." Appellant's Br. at 10. D.G. testified that he performs exterior maintenance on his property in daylight hours and uses a leaf blower to blow leaves and grass clippings. He also testified that he used a leaf blower to "blow the air conditioner out that sucks in leaves." (Tr. at 75.)

When asked if he felt the need to perform that "several times a day, days in a row, for days during the summer," D.G. responded: "I have no idea, I don't recollect, I don't break down the number of times I come to blow off the sidewalks." (Tr. at 75.) R.G. testified that D.G. used the hyper-vigilant "maintenance" as a means of harassment.

[11] Paragraph 4, by its plain language, requires only that D.G. "stay away from the residence of the Petitioner." (App. at 8.) Accordingly, D.G. is not prohibited from entering his own property where, presumably, he might perform routine maintenance tasks. That said, D.G. is enjoined, in Paragraph 1, from stalking R.G. He is enjoined, in Paragraph 2, from conduct including "harassing" or "annoying" R.G. Accordingly, D.G.'s excessive use of gas-powered equipment or performance of intrusive tasks to "annoy" is prohibited. In sum, we are not persuaded that the trial court granted relief beyond "relief necessary to bring about a cessation of the violence or threat of violence." I.C. § 34-26-5-9. D.G. has failed to demonstrate an abuse of the trial court's discretion.

[12] Affirmed.

Riley, J., and Barnes, J., concur.