

**FILED**

Jan 17 2017, 7:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Lee Money
Greenwood, Indiana

ATTORNEY FOR APPELLEE

Larry F. Whitham
Whitham, Hebenstreit &
Zubek, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: the Grandparent
Visitation of G.S.,

J.S.,

*Appellant-Respondent,*

v.

M.S.,

*Appellee-Petitioner*

January 17, 2017

Court of Appeals Case No.
30A01-1608-DR-1801

Appeal from the Hancock Circuit
Court

The Honorable R. Scott Sirk,
Commissioner

The Honorable Richard D. Culver,
Judge

Trial Court Cause No.
30C01-1202-DR-246

**Baker, Judge.**

[1] J.S. (Mother) appeals the portion of the trial court's order mandating that G.S. (Child) be permitted to have contact with other paternal relatives when participating in grandparent visitation with M.S. (Grandmother). Mother argues that there is no statutory authority for a trial court to order a child to have visitation with anyone other than a grandparent in the face of a parent's objections. We agree, and reverse in part.

## Facts

[2] M.S. (Father) and Mother were married on October 19, 2002. Child, the only child born of the marriage, was born in November 2003. Throughout her life, Child had a close and loving relationship with Grandmother, her paternal aunt, M.L. (Aunt), and other paternal relatives. The parents divorced in March 2014. On May 2, 2015, Father committed suicide.

[3] Following Father's death, Mother began to curtail the time that Child spent with her paternal relatives. Mother and Aunt have a particularly acrimonious relationship, and Mother did not wish for Child to spend time with Aunt any longer. Aunt and Grandmother live together, making visitation between Child and Grandmother increasingly complicated. For example, Mother required that visits occurred outside of Grandmother's home, which was difficult for Grandmother, who is elderly and has medical concerns. On June 5, 2015, Grandmother filed a petition for grandparent visitation.

[4] In September 2015, Child and Mother moved to Tennessee because Mother received a job promotion necessitating the move. Following the move, Child's contact with Grandmother and other paternal relatives decreased significantly.

[5] The evidentiary hearing on Grandmother's petition took place on June 1 and June 29, 2016. On August 1, 2016, the trial court issued an order granting the petition. The trial court ordered that one visit per month, for at least six hours at a time, is to occur between Grandmother and Child, and that Grandmother is entitled to overnights during the summer months. In pertinent part, the trial court also ordered as follows:

> [A]ll visitation between Grandmother and Granddaughter may occur at Grandmother's Residence or at such other location as Grandmother may select . . . .
>
> . . . [A]ll residents of Grandmother's house need not leave Grandmother's Residence during visits between Grandmother and Granddaughter, nor shall they be required to do so. Furthermore, other members of Father's extended family may be present in Grandmother's Residence or at such other locations where Grandmother may choose to exercise visitation. This shall mean that Granddaughter is entitled to be present and to participate in paternal family reunions and other paternal family functions, to the extent those are scheduled during Granddaughter's periods of visitation with Grandmother.
>
> . . . Grandmother shall be entitled . . . [to] weekly telephone conversations with Granddaughter. . . . During those conversations, it shall be permissible for Grandmother to be joined in the conversation by other members of the extended paternal family. Mother shall not restrict Granddaughter from speaking openly and freely during periods of visitation or

telephone contact, nor shall Mother . . . restrict Granddaughter's activities in reaction to Granddaughter's maintenance of a loving relationship with Father's family members.

Appealed Order p. 11-12. Mother now appeals only the portions of the order mandating that Child be permitted to visit and have contact with her paternal relatives other than Grandmother.

## Discussion and Decision

[6] To resolve this appeal, we must turn to the text of the Grandparent Visitation Act (GVA). As with all cases involving statutory interpretation, we apply a de novo standard of review to the trial court's order. *E.g.*, *In re Visitation of C.R.P.*, 909 N.E.2d 1026, 1028 (Ind. Ct. App. 2009). The GVA was enacted in derogation of the common law; as such, it must be strictly construed. *In re Guardianship of A.J.A.*, 991 N.E.2d 110, 113 (Ind. 2013).

[7] It is well established that parents have a fundamental constitutional right to raise their children. *In re Visitation of L-A.D.W.*, 38 N.E.3d 993, 998 (Ind. 2015). Indeed, the United States Supreme Court has described it as "perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). While GVAs around the country are routinely enforced, it is likewise acknowledged that a parent's

> right of upbringing would be a sham if it failed to encompass the right to be free of judicially compelled visitation by "any party" at "any time" a judge believed he "could make a 'better' decision'" than the objecting parent had done. The strength of a parent's interest in controlling a child's associates is as obvious as

the influence of personal associations on the development of the child's social and moral character.

*Id.* at 78 (Souter, J., concurring) (footnote omitted).

[8] In this case, it is undeniable that Grandmother is a "grandparent" for the purpose of the GVA, that she had standing to seek visitation with Child, and that the trial court acted within its authority in granting her petition to that extent. But it is likewise undeniable that Child's other paternal relatives are *not* "grandparents." The General Assembly has seen fit to carve out a narrow, limited exception to a parent's right to raise her children for grandparents. There is no such exception for anyone else, including other relatives. Simply put, except for grandparents who qualify under the terms of the GVA, no other individuals can trump a parent's right to determine who her child does, and does not, associate with. As such, the trial court erred by ordering that Mother permit Child to visit and maintain telephone contact with anyone other than Grandmother.

[9] In reaching this result, we intend to express no opinion about the character of Child's paternal relatives, or even whether being permitted to maintain contact with them would be in her best interests. Indeed, we encourage Mother to reconsider her position; considering all that Child has lost in her short life, it seems wise to permit her to maintain contact with anyone and everyone who loves and supports her. But while we encourage her to do so, we—and the trial court—are without authority to *order* her to do so. As such, we reverse the

portions of the trial court's order relating to all individuals other than Grandmother.[1]

[10] The judgment of the trial court is reversed in part.

Mathias, J., and Pyle, J., concur.

---

[1] Although Grandmother spends much of her brief arguing that the trial court properly ordered that visits with Child may take place in Grandmother's residence, in fact, Mother does not appeal that portion of the order. The trial court did not err by ordering that Child may visit with Grandmother in her home. Instead, the trial court erred by ordering Mother to consent to the presence of anyone else in the home (or wherever else the visits may take place) during the visits.