

I N  T H E

# Court of Appeals of Indiana

Joseph S. Kornman and Sirenia Kornman,

*Appellants*



FILED

Feb 13 2024, 9:10 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Verna Bowling,

*Appellee-Plaintiff*

---

February 13, 2024

Court of Appeals Case No.
23A-MI-1740

Appeal from the Hamilton Superior Court

The Honorable Jonathan M. Brown, Judge

Trial Court Cause No.
29D02-2103-MI-2211

---

**Opinion by Judge Bailey**
Judges Brown and Foley concur.

**Bailey, Judge.**

# Case Summary

Joseph S. Kornman ("Father") and Sirenia Kornman ("Adopted Mother") (collectively, "Parents") appeal the trial court order granting Vera Bowling ("Grandmother") visitation with E.K. ("Child"). Parents raise two issues on appeal, but we address only the dispositive issue of whether Grandmother had standing to seek visitation with Child under the Grandparent Visitation Act ("GVA"). Finding that she did, we affirm.

# Facts and Procedural History

On October 12, 2015, Child was born out of wedlock to Father and Katy Lee Scott ("Biological Mother"), who was Grandmother's daughter. Biological Mother and Child lived with Grandmother until approximately October of 2017. In September of 2017, Father and Adopted Mother married. In November of 2017, in Madison Circuit Court 2, Father established his paternity of Child and was awarded custody of her. The court granted Biological Mother supervised parenting time with Child, and Grandmother was appointed as the supervisor of the visits. On October 8, 2018, Father filed his notice that he had moved his residence to Hamilton County.

Biological Mother died on April 13, 2019. Thereafter, Father allowed Grandmother to continue to visit with Child weekly, although he did not allow

over-night visits. Grandmother regularly visited with Child each week until approximately February of 2020, when Father terminated all such visits.

[4] On February 6, 2020, Adopted Mother filed in Hamilton County Superior Court 2 a petition to adopt Child. Adopted Mother did not serve notice of the adoption action on Grandmother. On May 1, 2020, Grandmother filed in Madison County Circuit Court 6 a petition for grandparent visitation with Child. On May 21, 2020, Father filed his answer to Grandmother's petition but did not point out that an adoption action was pending in another county and did not object to the venue or Grandmother's standing.

[5] On May 27, Hamilton Superior Court 2 held a final hearing on Adopted Mother's petition to adopt Child. At that hearing, Adopted Mother informed the court "that[,] despite the case in Madison County occurring with Verna Bowling[,] that [sic] the adoption proceeding would not affect her grandparent visitation request." Tr. v. IV at 107. Hamilton Superior Court 2 granted the adoption petition but notice of the adoption decree was not served on Grandmother.

[6] On August 10, 2020, Adopted Mother filed a motion to intervene in Grandmother's Madison County action seeking grandparent visitation. That date was when Grandmother first learned of the adoption action and order involving Child. By agreement of the parties, Grandmother's petition was set for a hearing on March 23, 2021. However, on that date Madison Circuit Court 6 transferred the grandparent visitation action to Hamilton Superior

Court 2 because "Hamilton County is the child's county of residence." App. v. II at 8. On March 29, Hamilton Superior Court 2 accepted jurisdiction of the grandparent visitation action under a new cause number.

[7] In July 2021, Parents filed a motion for summary judgment on the grounds that Grandmother lacked standing to bring the grandparent visitation action, and the court denied that motion. Parents subsequently sought permission to bring an interlocutory appeal, which the court also denied. On September 20, 2021, the court conducted a provisional hearing on Grandmother's petition and took judicial notice of the adoption proceedings involving Child. On November 9, the court granted Grandmother temporary grandparent visitation pending a final order. Thereafter, Parents made various motions, including a motion asking the Judge to recuse himself, all of which were denied.

[8] In December 2021 and January 2022, Grandmother filed motions for contempt on the grounds that Parents refused to allow her visitation with Child per the court's provisional order. Following hearings at which Parents did not deny the allegations, the trial court twice found Parents in contempt of the provisional visitation order. The trial court appointed a Guardian Ad Litem ("GAL"), who investigated and filed a report on May 6, 2022, in which she recommended Grandmother have grandparent visitation with Child. Parents objected to the GAL appointment and moved to strike the report; the trial court denied the motion.

[9] A final hearing on Grandmother's petition for visitation was held over the course of five days between September 16, 2022, and January 11, 2023. On July 10, 2023, the trial court issued Findings of Fact and Conclusions of Law in which it held that Grandmother had standing to bring her claim under the GVA, granted Grandmother's petition for visitation with Child, and ordered Parents to pay Grandmother $20,000 in attorney fees incurred in addressing Parents' "spurious and wasteful litigation tactics." Appealed Order at 24. This appeal ensued.

# Discussion and Decision

## Standard of Review

[10] Parents challenge the grandparent visitation order on the grounds of standing. In that order, the trial court issued findings of fact and conclusions thereon. On appeal of such an order, we generally review for clear error, employing a two-tiered standard of review. *See, e.g.*, *M.G. v. S.K.*, 162 N.E.3d 544, 547 (Ind. Ct. App. 2020). However, where an appeal raises only questions of law, such as standing and statutory interpretation, our review is de novo. *See, e.g.*, *Ehrlich v. Starke Solar, LLC*, 219 N.E.3d 749, 755 (Ind. Ct. App. 2023) (reviewing issue of standing), *trans. denied*; *Mellowitz v. Ball State University*, 221 N.E.3d 1214, 1220 (Ind. 2023) (reviewing issue of statutory interpretation). "If a statute is clear and unambiguous, we do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language." *Jocham v. Sutliff*, 26 N.E.3d 82, 85 (Ind. Ct. App. 2015) (quotation and citation omitted).

## Grandparent Visitation Act

[11] Grandparents historically had no common-law right to visitation with their grandchildren. *Matter of E.H.*, 121 N.E.3d 594, 596 (Ind. Ct. App. 2019). The GVA was enacted in 1982 and provides the sole basis for grandparents to seek visitation with their grandchildren. *H.P. v. G.F.*, 210 N.E.3d 1286, 1288 (Ind. Ct. App. 2023). Because the GVA was enacted in derogation of the common law, it must be strictly construed. *E.H.*, 121 N.E.3d at 596.

[12] Indiana Code Section 31-17-5-1 provides, in relevant part, that a child's grandparent may seek visitation under the GVA if the child's parent is deceased or, with some exceptions not applicable here, the child was born out of wedlock. The petition for grandparent visitation "must be filed prior to the date a decree of adoption is entered." Ind. Code § 31-17-5-3(b). Such an action must be filed in "a circuit, superior or probate court of the county in which the child resides.…" I.C. § 31-17-5-4(1). The trial court may grant the petition if it finds that grandparent visitation is in the child's best interests. I.C. § 31-17-5-2. Grandparent visitation rights awarded by a court "survive the adoption of the child … by … [a] stepparent." I.C. § 31-17-5-9.

## Standing under the GVA

[13] The trial court awarded visitation rights to Grandmother, finding that such visitation was in Child's best interests. Parents do not challenge that decision

on the merits. Instead, they contend that Grandmother did not have standing[1] to seek visitation under the GVA, and, therefore, the trial court's visitation order is "void ab initio." Appellant's Br. at 5.

[14] Grandmother is the maternal grandparent of Child, whose biological mother died. As the grandparent of a child whose parent is deceased, Grandmother had standing under the terms of the GVA to file a lawsuit seeking visitation with Child. I.C. § 31-17-5-1(a). However, Parents contend Grandmother lost her standing under the GVA by filing her petition for visitation after Adopted Mother filed her adoption action but before the adoption decree was issued. We disagree. The plain language of the GVA provides that a grandparent must file a petition for visitation prior to the date a decree of adoption is *entered*, and that is what Grandmother did. *See* I.C. § 31-17-5-3(b); *see also Romero v. McVey*, 167 N.E.3d 361, 366 (Ind. Ct. App. 2021) (noting the grandparent visitation action was allowed to proceed where an adoption proceeding already had begun but had not yet resulted in a decree). If Grandmother had filed the

---

[1] In their briefs, Parents repeatedly conflate the issues of standing, subject matter jurisdiction, and venue. Subject matter jurisdiction is the power of a court to hear and determine a particular class of cases, and it is derived from statute or the constitution. *E.g., DSG Lake, LLC v. Petalas*, 156 N.E.3d 677, 689 (Ind. Ct. App. 2020), *trans. denied*. Standing, on the other hand, "refers to the question of whether a party has an actual demonstrable injury for purposes of a lawsuit[,]"and it does not "implicate[] subject matter jurisdiction." *Fish v. 2444 Acquisitions, LLC*, 46 N.E.3d 1261, 1265 (Ind. Ct. App. 2015), *trans. denied*. Venue "connotes the proper situs for trial of an action," *Cabanaw v. Cabanaw*, 648 N.E.2d 694, 697 (Ind. Ct. App. 1995), and "[t]he filing of a case in a county in which venue does not properly reside does not divest the trial court of subject matter jurisdiction," *In re Adoption of L.T.*, 9 N.E.3d 172, 177 (Ind. Ct. App. 2014).

Here, there is no question that both the Madison County and Hamilton County courts had subject matter jurisdiction over the grandparent visitation action, as the GVA grants "circuit, superior or probate court[s]" the power to hear and determine that class of cases. I.C. § 31-17-5-4(1). Below, we address the separate issues of standing and venue.

visitation petition after the adoption decree was entered, she arguably would have lacked standing.[2] *See, e.g., Jocham*, 26 N.E.3d at 86 (finding grandparent lacked standing to seek visitation under the GVA where she had failed to even *pursue* such rights before the time of the adoption decree). But Grandmother filed her visitation petition in Madison County on May 1, 2020, almost one month before the Hamilton County court entered the adoption decree. Therefore, Grandmother had standing.[3]

[15] However, Parents argue that Grandmother did not file her petition before the adoption decree was entered because her petition was originally filed in the wrong county. As Parents point out, a petition seeking grandparent visitation must be filed in the county in which the grandchild resides. I.C. § 31-17-5-4(1). On May 1, Child resided in Hamilton County. Therefore, Hamilton County was the proper venue for Grandmother's visitation action, and Grandmother filed in the wrong venue when she filed her petition in Madison County.

---

[2] Although, in that case, there could have been successful equitable arguments that Parents were estopped from attacking Grandmother's standing claim, such as the argument that they should not benefit from their own failure to give Grandmother notice of the adoption proceeding as required by law. *See* I.C. § 31-19-2.5-3(a)(3) (providing that notice of adoption proceedings must be given to grandparents who are entitled to seek visitation under the GVA).

[3] We note that *Walker v. Knight*, 119 N.E.3d 573 (Ind. Ct. App. 2019), cited by Parents, is inapplicable to the instant case. In *Walker*, the grandparents had argued that filing their visitation petition before the entry of an adoption decree gave them visitation rights; a panel of this Court noted that the GVA does not grant visitation rights but only the right to *seek* visitation rights by filing an action for the same. 119 N.E.3d at 577-78. Here, Grandmother does not argue that her petition under the GVA gave her visitation rights, only the right to seek visitation. And the fact that she did so before the entry of an adoption decree gave her standing.

Parents assert, without supporting legal authority,[4] that a grandparent visitation action is not "commenced" when it is filed in the wrong venue. Appellant's Br. at 32. According to Parents' theory, Grandmother never "commenced" her grandparent visitation action until her petition was transferred to Hamilton County on March 29, 2021, i.e., after the date the adoption decree was entered. *Id.* However, the trial rules specifically provide that, when an action is filed in an improper venue, "the court in which such action is filed shall not then dismiss the action but shall order the action transferred to the court in which it should have been filed." Ind. Trial Rule 75(B)(1). Moreover, "the action *shall be deemed commenced as of the date of filing the action in the original court*." T.R. 75(B)(2) (emphasis added). Thus, Grandmother's grandparent visitation action was deemed commenced when she filed it in Madison County on May 1, 2020, almost a month before the adoption decree was entered. *See id.*

## Conclusion

Because Grandmother filed her grandparent visitation action before the date of the adoption decree, the trial court did not err when it ruled that she had standing to bring the action under the GVA.[5] *See* I.C. § 31-17-5-3(b). The

---

[4] *Hammons v. Jenkins-Griffith*, 764 N.E.2d 303 (Ind. Ct. App. 2002), cited by Parents, is inapplicable as it involved an alleged grandparent visitation petition that failed to comply with the statutorily-required form of such a petition; it did not involve a petition filed in the wrong venue or the consequences thereof. 764 N.E.2d at 306.

[5] Because we rule that Grandmother has standing, we do not address Parents' claim that Grandmother should pay the attorney fees they "incurred after [Grandmother] was made aware she lacked standing." Appellant's Br. at 5.

original filing in the wrong venue did not affect Grandmother's standing under the GVA. We affirm.

[18] Affirmed.

Brown, J., and Foley, J. concur.

ATTORNEYS FOR APPELLANT

Jack M. Freedman
Michael E. Michaelis, II
Freedman Law, P.C.
Fishers, Indiana

ATTORNEY FOR APPELLEE

Amy O. Carson
Massillamany Jeter & Carson LLP
Fishers, Indiana